## WILLIAM H. REMINGTON *vs.* GEORGE D. ALLEN.

The plaintiff and the defendant agreed that the plaintiff should assign to the defendant an undivided third of a patent; and that the defendant should pay to the plaintiff a sum of money, furnish the means necessary to develop the invention, and carry on the business thereunder as long as they should agree, the defendant to have one third of the profits. The parties and another person, who was interested under the plaintiff in a third of the patent, carried on the business as partners. At the beginning of the partnership, the plaintiff brought to the shop of the firm machinery and materials which before belonged to him and were needed and used for the development of the invention. After some months, the defendant put an end to the business, and took possession of all the property on hand, including what remained of the said machinery and materials. It was admitted that this property belonged to the partners in equal shares. *Held*, that the plaintiff could not maintain an action against the defendant for its value.

CONTRACT.   The second count of the declaration alleged that the plaintiff and defendant signed the following instrument : " Boston, September 14, 1868.   Memorandum of an agreement between William H. Remington and George D. Allen.   Reming-ton agrees to assign and set over to Allen one undivided third of letters patent of the United States and of foreign countries, for which application is about to be made, for the invention or im-provements made by Remington in the art of electroplating with nickel.   Allen agrees to pay to Remington $1000 in instalments from time to time, as he may require it ; also to furnish the means necessary to develop the invention and introduce it to public no-tice, and to carry on the business of electroplating as long as they may mutually agree.   And Allen further agrees to pay the ex-penses of procuring said letters patent in this and foreign coun-tries.   It is mutually agreed that the profits arising from the practice of the art or conduct of the business of electroplating with nickel shall be divided between them, so long as the said business shall be carried on by them under this agreement or memorandum, two thirds thereof to Remington and one third to Allen."   And it further alleged that the defendant did not fur-nish the means necessary to develop the invention and introduce it to public notice ; but that the plaintiff did furnish a large por-tion thereof, and at the request of and for the benefit of the de-fendant did furnish a quantity of machinery, implements and mate-

rials, according to a schedule annexed, necessary and proper for the business and the development of said invention. There were two other counts. The case was referred to an auditor, who reported on these two counts in favor of the plaintiff, and his report thereon was acquiesced in by the parties.

At the trial, on the second count only, in this court, before *Wells*, J., it appeared that, before the execution of the contract declared on, the plaintiff was the owner of the property named in said schedule, and used the same in his shop on Hawkins Street in Boston ; that after the execution of the contract the defendant paid the plaintiff $1000 ; that letters patent for the invention therein named were issued October 6, 1868 ; that soon after the contract was made the parties hired a shop in Province Street, to which the business was removed, and where it was carried on by them under the contract for several months ; that a Mrs. Peabody was jointly interested beneficially with Remington in the patent right, and was recognized by the parties as having an equal one third interest in the business carried on under the contract, and took some part in the conduct thereof ; and that, before the date of the contract, she had and claimed no interest in the property named in the schedule.

The plaintiff testified : " The defendant furnished money to purchase articles needed for the business, which I had not. Before removing from Hawkins Street, he said whatever I had was to be put in and paid for. I removed the property to Province Street, and all the articles were used there. All were proper to be used in developing the patent. We could not have done without them. No price was agreed upon for the articles at that time. They were put into the shop in Province Street, and used there in the same manner as other articles purchased or made for the business there carried on ; and such as were not consumed or disposed of in the course of that business remained there until the spring of 1869, when (as the evidence tended to show) the defendant put an end to the business and took possession of the whole stock and property on hand." There was also testimony that the defendant stated to one of the workmen, at that time that the plaintiff did not own anything there.

It further appeared " that, at some time before the closing of the business as above stated, certain sales of interests in th patent having been made, and a change in the mode of conduct-ing the business under the patent being contemplated, the plain-tiff, the defendant and Peabody met at the defendant's office for the purpose of settling up all matters between them under the contract, and relating to the joint business that had been carried on by them; that the plaintiff brought forward a statement, which he had made up in a memorandum book, of the articles named in the schedule, to which he had affixed the prices therein shown, and presented it as his claim for property transferred from his shop in Hawkins Street to the shop in Province Street; that the defendant took the memorandum book, footed up the amounts, wrote 'Stock Account' over the top, and then asked Peabody if she accepted it, or thought it was right; that Peabody answered 'Yes,' and the defendant replied, 'Then I do,' and made no objection to the items or prices; and that nothing further was done about the articles in the schedule, until the defendant took possession as before stated."

The plaintiff and Peabody testified " that they understood that the defendant was to pay for the articles, under the contract; and that they claimed that the property in the shop, belonging to and used in the joint business, including what remained of the articles in the schedule, as well as those procured with money advanced under the contract, for the purpose of developing the patent, belonged to the plaintiff, the defendant and Peabody, in shares of one third each."

The judge " being of opinion that the evidence adduced by the plaintiff showed that his claim for the value of the articles in the schedule was one for which he was entitled to be credited in the settlement of the partnership affairs under the contract and the joint business prosecuted in pursuance thereof, and did not sus-tain his action against the defendant on the second count, directed a verdict to be rendered in accordance with the auditor's report " on the other two counts only, in favor of the plaintiff, and re-ported the case to this court; if this ruling and direction were

right, judgment to be entered accordingly ; if otherwise, the case to stand for trial upon the second count.

*J. Nickerson,* for the plaintiff.

*B. Dean & T. Dean,* for the defendant.

COLT, J. The plaintiff and defendant were members of a partnership consisting of three persons. As partners, they were joint owners of the machinery, implements and materials, the value of which the plaintiff seeks to recover in this action. The property sued for was delivered by the plaintiff to the partnership when it commenced business, was used in the business, and was necessary to carry it on. It is claimed by the defendant that it was a contribution by the plaintiff to the stock of the firm, for which he is to be credited in the settlement of the partnership affairs ; and it must be so regarded, without proof of an express agreement by the defendant binding himself personally, and not the partnership, for the price.

There was no evidence which would justify the jury in finding such express promise of the defendant. The evidence adduced is equally consistent with the claim that the plaintiff was only to look to the firm for pay. *Ryder* v. *Wilcox,* 103 Mass. 24.

*Judgment on the verdict.*