BARZILLAI W. RICH & others *vs.* MULFORD RICH.

A testator devised to his wife "the improvement of all my real estate so long as she shall
continue my widow," with power to sell so much as might be necessary for her support.
The heirs at law joined with her in a sale of the real estate upon her express promise to
keep the proceeds upon the same terms upon which she held the land. *Held*, that after
her death the heirs at law could maintain an action against her administrator for the
proceeds.

CONTRACT for money had and received, brought by the chil-
dren and sole heirs of Atkins S. Rich, against the defendant as
administrator of the estate of Thankful B. Rich, deceased.

It was agreed that no objection should be taken by the defendant for any misjoinder of plaintiffs.

At the trial in the Superior Court before *Pitman*, J., the plaintiffs offered evidence to show that they were the children of Atkins S. Rich, late of Truro, who died in 1846, leaving as his widow, Thankful B. Rich ; that he left a will, of which she was executrix, containing the following provision : " I give to my beloved wife Thankful Bangs Rich, all my household furniture, and all the interest I have in vessels and cash, and all other personal property of every description, and the improvement of all my real estate, so long as she shall continue my widow : and I give to my beloved wife full power and authority to dispose of and sell so much of my real estate as may be necessary for the support, maintenance and education of my children during their minority, and also for herself, if she may be reduced to want, while she shall remain and be my widow." The will contained no other clause relating to the real estate, and made no further disposition of it.

It appeared that Atkins S. Rich owned a homestead and three other parcels of real estate when he died ; that the widow and children occupied them until 1864 ; that in that year 1864, the children being all of full age and married, the widow desired to remove to Provincetown, and requested the plaintiffs to join with her in conveyances of the real estate ; that thereupon sales were made and deeds executed by the widow and the plaintiffs, and the consideration, amounting to about four hundred and forty-five dollars, was paid to and received by the widow.

The plaintiffs testified that they joined in the deeds, and that the widow received this money with their consent, upon the express agreement that she should receive and keep the money during her life upon precisely the same terms as those upon which she held the lands under the will.

Upon this evidence the defendant asked the court to rule, that the action could not be maintained by the plaintiffs, but should have been brought by an administrator *de bonis non* of the estate of Atkins S. Rich. The court declined so to rule, and held that the action was rightfully brought by these plaintiffs.

The jury found for the plaintiffs, and the defendant alleged exceptions.

*G. A. King*, for the defendant.

*E. H. Abbot*, for the plaintiffs.

GRAY, C. J.   The widow of Atkins S. Rich took by his will a life estate only, with a power of sale, in a certain contingency, which was never executed.   The reversion, not being devised by his will, vested in his heirs, subject to the contingency of the exercise of that power by the widow, or of a sale by his executor for the payment of debts.   It does not appear that he left any debts, and no question of the mode of enforcing the rights of creditors arises in this case, or could affect the rights of these plaintiffs as against the widow or her administrator under the contract made by them with her.   The conversion of the land into money was not made under any power given by the testator, but by the concurrent acts of the tenant for life and of the heirs at law.   Upon her promise to pay the purchase money to them upon her death, they may therefore sue her administrator.

In *Buttrick* v. *King*, 7 Met. 20, the whole estate was sold under the power in the will, and in *Varnum* v. *Meserve*, 8 Allen, 158, under a power in a mortgage executed by the testator.   Those cases are thus distinguished from the present.

, *Exceptions overruled.*