CALVIN M. WINCH & another *vs.* EDWARD B. HOSMER & others.

Suffolk.    April 6.— 10, 1877.    COLT & SOULE, JJ., absent.

It is within the discretion of the court to allow a petition for a writ of review to be amended by substituting for the petitioners, who were the assignees in bankruptcy of the owner of goods replevied in the original action, the name of the original defendant in that action, who was the bailee of the goods, as the formal petitioner, and the petition, so amended, to be prosecuted for the benefit of the real parties in interest.

PETITION to the Superior Court for a writ of review of a judgment recovered by the respondents against James C. Melvin, in an action of replevin of certain barrels of flour. The petition alleged that George H. Dupee, of whom the petitioners were the assignees in bankruptcy, owned the flour and left it in the possession of Melvin as a warehouseman.

At the hearing before *Gardner*, J., the respondents objected to the petition being allowed, for the reason that the petitioners were not parties to the record. The petitioners then made a motion to amend their petition as follows :

" And now come Calvin M. Winch and Joseph R. Farwell, assignees as set forth in said petition, and move to amend their said petition by introducing as a new party James C. Melvin as petitioner in said petition, but for the benefit of your petitioners as assignees of the estate of said Dupee, so as to enable them to maintain their said petition for the cause for which it was intended to be brought; said party which your petitioners desire should be joined having been the defendant in the original action."

The respondents objected to the allowance of the amendment, and asked the judge to rule, as matter of law, that the amendment should not be allowed, and that the petition could not be maintained. But the judge allowed the amendment and granted the review as prayed for ; and the respondents alleged exceptions.

*D. F. Fitz & J. H. Sherburne,* for the respondents.

*S. J. Thomas,* for the petitioners.

GRAY, C. J. A writ of review, like a writ of error, must be in the name of a party to the original judgment, or of those who have by law succeeded to his rights upon his death or bankruptcy. Gen. Sts. *c.* 146, §§ 30–38. *Johnson* v. *Thaxter*, 7 Gray, 242. As Dupee, the alleged owner of the goods replevied, was not a party of record to the original action, his assignees in bankruptcy could not maintain a petition for a review in his or in their own name.

But Dupee, or his assignees representing him, may have been under obligation to protect the warehouseman, against whom the original action was brought, and might, with his assent, have assumed in his name the defence of that action. *White* v. *Dolliver*, 113 Mass. 400. The real party in interest may, upon indemnifying the formal party of record against costs, be allowed to sue out a writ of review in his name. *Fuller* v. *Storer*, 111 Mass. 281.

The statutes authorize the courts, in their discretion, to allow amendments in any civil suit or proceeding, by change of parties or of form of action, or in any other matter, either of form or substance, which may enable the plaintiff to maintain the suit for the cause for which it was intended to be brought, however the same may be misdescribed. Gen. Sts. *c.* 129, §§ 41, 82. These statutes permit the substitution of a new plaintiff, and are applicable to petitions for review. *Crafts* v. *Sikes*, 4 Gray, 194. · *Emery* v. *Osgood*, 1 Allen, 244. *Davenport* v. *Holland*, 2 Cush. 1.

It was therefore within the discretion of the Superior Court to allow this petition for a review to be amended by substituting the name of the original defendant as the formal petitioner, and the petition, so amended, to be prosecuted for the benefit of the real parties in interest. No question of the form of the petition, or of the sufficiency of the evidence, appears to have been made at the hearing, or is open upon these exceptions.

*Exceptions overruled.*