GEORGIE A. BUCKLAND, administratrix, *vs.* N. W. GREEN.

Hampden. Sept. 26. — Oct. 2, 1882. ENDICOTT, LORD & FIELD, JJ., absent.

If an administrator sells, under the Gen. Sts. *c.* 98, § 4, to A. a claim due to the estate of his intestate from B., and then brings an action against B., in his own name, as administrator, for the benefit of A., it is within the discretion of the Superior Court to allow the writ to be amended by striking out the name of the administrator, and inserting that of A. as plaintiff.

CONTRACT by "Georgie A. Buckland, administratrix of the estate of J. P. Buckland, late of Holyoke in said county, deceased," on an account annexed, for services alleged to have been rendered by the plaintiff's intestate. The writ was dated March 30, 1881, and alleged that "this action is brought for the benefit of William G. White, of Chicopee, in said county, the equitable owner of said claim." The answer denied each and every material allegation in the plaintiff's declaration, alleged payment, and contained the following: "And the defendant for further answer says, that, prior to the commencement of this action, the plaintiff, as administratrix of said estate, under license

granted by the Probate Court in and for the county of Hampden, duly sold or assigned the demand or claim against the defendant on which this suit is founded."

In the Superior Court, the plaintiff offered the following amendment: "And now comes the plaintiff, and moves to amend the writ in said action by striking out the words ' Georgie A. Buckland, administratrix of the estate of J. P. Buckland, late of Holyoke, in said county, deceased. ' This action is brought for the benefit of William G. White, of Chicopee, the equitable owner of said claim,' and inserting the following : ' William G. White, of Chicopee, in said county, the claim for which this action is brought having been sold and assigned by Georgie A. Buckland, administratrix of the estate of J. P. Buckland, by authority and license of the Probate Court, on the 19th day of March, 1881, and purchased by said William G. White.' "

*Putnam*, J. allowed this amendment, against the objection of the defendant.

It was agreed that said claim was duly sold, as alleged, prior to the commencement of this action ; and that all the formalities required by the Gen. Sts. *c.* 98, § 4, had been complied with.    At the hearing, without a jury, the judge found for the plaintiff; and the defendant alleged exceptions.

*E. P. Kendrick*, for the defendant.

*W. G. White*, for the plaintiff.

BY THE COURT.    The allowance of the amendment was within the discretion of the Superior Court.    *Winch* v. *Hosmer*, 122 Mass. 438.                                    *Exceptions overruled.*