AMELIA H. COSTELO *vs.* HORACE S. CROWELL, administrator.

Suffolk.     March 15, 1882; January 15. — February 5, 1883.

If an action is brought against an administrator on a promissory note made by his intestate, by an indorsee thereof, and this court sustains the defendant's exceptions on the ground that the note is not a negotiable note, it is within the discretion of the Superior Court to allow the writ to be amended by striking out the name of the plaintiff and inserting that of the payee of the note, although such amendment is after the expiration of two years from the appointment of the administrator.

B. gave A. his promissory note, payable in five years, and declared on its face to be given as collateral security for a certain agreement. On the same day, and as part of the same transaction, the parties entered into an agreement, by which it appeared that A. advanced to B. the amount stated in the note, which amount was used by B. in the purchase of a parcel of land, B. giving his promissory note, secured by a mortgage of the land, to his grantor. B. also agreed to save A. harmless from all losses which might occur "in the decrease or sale of the land," and to pay the sum advanced by A. towards the purchase, and also to pay a certain amount in one year on the mortgage, and the balance of it in five years. B. was to have full control of the land, was to pay all taxes and interest on the mortgage, and to sell the land for the joint benefit of A. and B., the proceeds of the sale, after paying the mortgage, to be divided equally between them. *Held*, that A. could, after the expiration of five years, and after breach of the agreement by B., maintain an action against him on the note.

CONTRACT on a promissory note for $3000, dated July 31, 1868, signed by Thomas Corey, the defendant's intestate, payable five years after date to the order of John F. Costelo, and

by him indorsed in blank. On the margin of the face of the note were these words : " Given as collateral security with agreement." Writ dated August 10, 1877.

After the former decision, reported 127 Mass. 293, sustaining the defendant's exceptions, on the ground that the instrument declared on was not a negotiable promissory note, the plaintiff moved to amend her writ, by substituting, in place of herself as party plaintiff, the following: " John F. Costelo, this action being brought in the interest and for the benefit of Amelia H. Costelo." This motion was allowed, against the defendant's exception, as was also a motion to amend the declaration by adding the following counts :

The first count was on the note originally declared on, and alleged that the action was brought in the interest and for the benefit of Amelia H. Costelo.

The second count alleged that the defendant's intestate, in consideration of the sum of $3000, paid to him by the plaintiff, made a contract in writing, a copy of which was annexed, (being the note originally declared on,) whereby he promised to pay to the order of the plaintiff the sum of $3000 in five years from July 31, 1868, and alleged a breach.

The third count was similar to the second, except that it alleged the consideration to be the sum of $728.11, paid by the plaintiff to the defendant's intestate, and two promissory notes of third persons, one for $1848.35, and the other for $521.85.

The fourth count alleged that, in consideration of the sum of money and the notes, as set forth in the third count, and also in consideration of a certain agreement entered into by the plaintiff, (a copy of which is printed in the margin,*) the

---

* " An agreement made this 31st day of July, A. D. 1868, between Thomas Corey of the first part and John F. Costelo of the second part, both of Marlborough, county of Middlesex and Commonwealth of Massachusetts.

" The party of the first part agrees to purchase and take the title deed in his own name of a certain farm of fifteen and one half acres of land, with the dwelling-house and barns thereon, situated in that part of Marlborough called the East Village and known as the Bucklin homestead, for the sum of twelve thousand dollars, on the following terms of payment :

" Three thousand dollars to be paid on the delivery of deed of said buildings and lands. The balance, nine thousand dollars, to be paid by note, to be secured by mortgage on said buildings and lands.

defendant's intestate entered into a certain contract with the plaintiff, a copy of which was annexed, (being the note declared

" Three thousand dollars to be paid and indorsed on said mortgage and note in one year from the date of said mortgage and note. The balance of said mortgage, six thousand dollars, to be paid in five years from date of said mortgage and note, with interest at six per cent, payable semi-annually.

" The party of the second part has this day contributed and paid unto the said Corey the sum of three thousand dollars, to be used as part of the purchase money, and as first payment for said buildings and lands, as follows : [Then followed the details of the payment by notes of third persons and by money, as alleged in the third count.] Making three housand dollars paid by the said Costelo to the said Corey towards the purchase and first payment of said buildings and lands. And in considera-tion of the said three thousand dollars paid by the said Costelo to the said Corey, the said Corey agrees to hold the said Costelo harmless from any and all losses which may occur in the decrease or sale of said buildings and lands.

" The said Corey has this day given to the said Costelo his, the said Corey's, own note for three thousand dollars, of even day and date, with interest at six per cent, as collateral security for the said three thousand dollars paid by the said Costelo to the said Corey, and for the fulfilment of this agreement.

" First. The said Corey is to take the title deed of said buildings and lands in his, the said Corey's, own name, and further agrees to pay the three thousand dollars advanced by the said Costelo towards the purchase and first payment of said buildings and lands.

" Second. The said Corey agrees to give his, the said Corey's, own note for nine thousand dollars, with interest at six per cent, secured by mortgage on said buildings and lands, as the balance of the purchase money for the payment of said buildings and lands.

" Third. The said Corey agrees to advance and pay the sum of three thousand dollars in one year from the date of said mortgage and note, said three thousand dollars to be indorsed on said mortgage and note.

" Fourth. The said Corey is to have full control of said buildings and lands. The said Corey agrees to keep said buildings insured and have said farm surveyed into house lots. The said buildings and lands are to be sold for the joint benefit of the said Corey and the said Costelo. The proceeds derived from the sale of said buildings and lands are to be divided equally between the said Corey and the said Costelo, after paying off the said mort-gage on said buildings and lands.

" Fifth. The said Corey further agrees to pay the interest on said mort-gage, also agrees to pay all taxes and assessments levied on said buildings and lands, also the insurance on said buildings, out of the proceeds derived from the rents and crops of said buildings and lands."

on,) by which the said intestate agreed to pay the plaintiff the sum of $3000, if he, the said intestate, did not perform the covenants and agreements entered into by him in the contract, a copy of which is printed in the margin on p. 281. The count then alleged a breach of these covenants and agreements.

There were also counts for money had and received, and for money lent.

Trial in the Superior Court, before *Rockwell*, J., who allowed a bill of exceptions, which, after setting forth the facts as to the amendment of the writ and declaration, and stating that the defendant was appointed administrator of the estate of Thomas Corey on March 7, 1876, proceeded, in substance, as follows:

The plaintiff introduced evidence tending to show that Thomas Corey was the uncle of John F. Costelo, and that they had had numerous and extended business transactions with each other, covering a period of seven or eight years; that, in June 1868, Corey had entered into a contract with one Sylvester Bucklin for the purchase of the Bucklin homestead; that, for a long time previously, Corey had been desirous and trying to buy said land, as it adjoined the homestead on which Corey lived in Marlborough; that, shortly after the making of this agreement, Corey, not having the ready money necessary, applied to John F. Costelo to advance him $3000 as a loan, which Costelo did, and at that time (on or about July 31, 1868) the note and agreement referred to in the plaintiff's amended declaration were executed and delivered by Corey to Costelo.

There was evidence that the land described in the agreement, a copy of which is printed in the margin on p. 281, was never sold by Corey, with the exception of about two and one half acres (upon which houses had been built), but remained a part of his estate at the time of his death, and was so inventoried, and that the defendant and his wife, a daughter of said Corey, occupy and reside upon a portion of it; that neither John F., James nor Amelia H. Costelo ever received any payments on account of said note or said agreement, nor any part of the proceeds of the sale of said two and one half acres; and that $4000 of the principal of the mortgage note given by Corey to Bucklin still remains unpaid, with some accumulated interest. Said mortgage and note from Corey to Bucklin bore the same

date as the note declared on, and were written on the same time, namely five years.

This was all the evidence in the case material to the inquiry raised by the bill of exceptions. The defendant offered no evidence. At the close of the plaintiff's case the defendant requested the judge to rule that the action could not be maintained, for the following reasons : " 1. That the plaintiff's amendments, before referred to, constituted the bringing of a new suit, and the date of the allowance of said amendments was more than two years after the appointment of the defendant as administrator. 2. That the plaintiff could not maintain an action upon the note until some breach, on Corey's part, of the agreement; that the plaintiff had failed to show any breach of the agreement; and that the plaintiff's remedy, if any, should properly be by a bill in equity upon said agreement, and not by an action at law upon said note."

The judge ruled that the plaintiff could not maintain this action, and directed the jury to find for the defendant. The jury returned a verdict accordingly; and the plaintiff alleged exceptions.

The case was argued at the bar in March 1882, and was reargued in January 1883.

*H. E. Swasey & G. R. Swasey*, for the plaintiff.

*J. G. Abbott*, (*E. F. Johnson* with him,) for the defendant.

FIELD, J. The court are unanimously of opinion that the amendment substituting John F. Costelo as nominal plaintiff for Amelia H. Costelo was properly allowed. Gen. Sts. *c.* 129, §§ 41, 82. *Winch* v. *Hosmer*, 122 Mass. 438. *Buckland* v. *Green*, 133 Mass. 421.

Without deciding, it may be assumed, as the defendant contends, that the agreement between Thomas Corey and John F. Costelo, dated July 31, 1868, created a trust in the land which John F. Costelo could enforce in equity, and that whether the relations of the parties were such as to constitute them copartners or not, John F. Costelo was entitled to an account in equity of the amount due him under this agreement after the land had been sold, and that, as, until the land was sold and this account taken, it could not certainly be known how much, if anything, of the proceeds of the enterprise would be due to him,

an action at law for his share of these proceeds could not, under the facts in evidence, be maintained.

It may also be assumed that, although the instrument declared on is in form a promissory note, yet, as it was given as collateral security for the fulfilment of the agreement, and a memorandum to that effect appears upon its face, no action at law can be maintained upon it unless such an action could be maintained upon the agreement itself if the contents of this note had been inserted in the agreement. *Costelo* v. *Crowell*, 127 Mass. 293. If the agreement has been fully performed, no action can be maintained on the note, but it should be surrendered to the defendant; if the agreement has not been fully performed, yet, if the damages to be recovered on the note can only be ascertained after the land has been sold and an account taken, no action at law can be maintained on the note until these things have been done. The note is called collateral security for the fulfilment of the agreement, but it is simply a promise by Corey additional to his covenants in the agreement, and collateral to them. If it were the note of another person, there would be no doubt of the right of the plaintiff to collect it, and to hold the proceeds as security for the performance of the agreement. But if a debtor gives a creditor two or more separate obligations of his own to pay the same debt, the creditor does not acquire the right of collecting of the debtor on any or all of these obligations more than what is really due to him. *Ex parte Farnsworth*, 1 Lowell, 497. *Third National Bank* v. *Eastern Railroad*, 122 Mass. 240.

The case of *Royal Bank of Liverpool* v. *Grand Junction Railroad*, 100 Mass. 444, if it be regarded as correctly decided, is only apparently an exception. That case rests upon the ground that the obligations were under seal, and goes only to the extent of deciding that the plaintiff might take judgment for the amount of bonds held as collateral, as well as of the bonds owned by the plaintiff, and not that the plaintiff might collect and retain the full amount of the judgment.

In the case at bar, the two instruments were executed by Corey at the same time and as a part of the same transaction, and each refers to the other, and, for the purpose of determining the intention of the parties as expressed in the two instruments,

they are to be construed in reference to each other. If it appears from such a construction that it was the intention of the parties that Corey should pay to Costelo $3000, with interest in five years from date, absolutely, even if the land had not then been sold, or if sold, even if Costelo's share of the proceeds did not amount to this sum, and that Costelo should receive this sum to his own use absolutely, without any liability on his part to contribute therefrom, under any circumstances, toward the payment of any losses, there is no reason why an action at law on the promise contained in the note should not be maintained.

The cases which most nearly resemble this, and which illustrate the most favorable view for the defendant which can be taken, are cases in which one partner has maintained an action at law against his copartner on a promise to pay money contained in the agreement of copartnership, and relating to the partnership business, without taking an account between the partners of the affairs of the partnership. The principles which govern such cases were considered in *Ryder* v. *Wilcox*, 103 Mass. 24, 29. In the opinion the court say : "It is said that an action at law for damages for the breach of an express agreement, entered into by one partner in favor of another, will only lie where the action can be properly tried without going into the partnership accounts, and the damages sought will belong exclusively to the plaintiff, and where the plaintiff will not be liable in any contingency, affecting the future joint business, to contribute to his own payment. Lindley on Part. 731, 740. But, without stopping to inquire whether this action can be maintained without violating these rules, it is sufficient to say that, whatever the nature of the agreement, it must be one in which the defendant binds himself personally to the plaintiff."

In *Williams* v. *Henshaw*, 11 Pick. 79, 84, which was *assumpsit* between copartners, the court say : " If the plaintiffs had shown an agreement on the part of the defendants to advance one half of the money necessary to carry on their joint speculation, or a promise to repay the plaintiffs for their advances, they might well recover upon such undertaking in the present action." See also *Remington* v. *Allen*, 109 Mass. 47; *Capen* v. *Barrows*, 1 Gray,

376; *Brown* v. *Tapscott,* 6 M. & W. 119; *Paine* v. *Thacher,* 25 Wend. 450; *Whitehill* v. *Shickle,* 43 Mo. 537; *Collamer* v. *Foster,* 26 Vt. 754; *Wills* v. *Simmonds,* 8 Hun, 189; *Lomas* v. *Bradshaw,* 9 C. B. 620; *Venning* v. *Leckie,* 13 East, 7; *Gilpin* v. *Enderby,* 5 B. & Ald. 954.

It appears by the agreement that Costelo advanced to Corey $3000, which was used by him in the purchase of the land, and that Corey gave the grantor his note for $9000, with interest at six per cent, secured by a mortgage on the land, as the remainder of the consideration of the purchase; that Corey agreed to save Costelo harmless from all losses which might occur " in the decrease or sale of said buildings or lands; " that he also agreed " to pay the $3000 advanced by the said Costelo towards the purchase and first payment of said buildings and lands; " and agreed to pay $3000 on the mortgage in one year, and " the balance of said mortgage, six thousand dollars," with interest, in five years; that Corey was to have full control of the buildings and lands, was to pay the interest on the mortgage, all taxes and assessments and the insurance, out of the rents and crops; that the lands and buildings were to be sold for the joint benefit of the two parties, and the proceeds to be divided equally after paying off the mortgage; and that Corey has given to Costelo his note for $3000, with interest at six per cent, " as collateral security for the said three thousand dollars paid by the said Costelo to the said Corey, and for the fulfilment of this agreement." This agreement plainly contemplates that the mortgage would not be fully paid until five years from date, and that the lands might not be sold and the interest of each party in the proceeds determined until after five years. As Corey held the legal title to the lands, and by the agreement had full control over them, it was in his power to sell them or to defer selling them, as he pleased, except as he might be controlled by a court of equity. If he sold them before the expiration of the five years and paid over to Costelo his share of the proceeds, and this share amounted to at least $3000 and interest, Corey would be entitled to a surrender of the note, because he had paid it and wholly performed his agreement. If at the expiration of five years this had not been done, we think it was the intention of the parties that Corey should pay to Costelo absolutely

the $3000 and interest, and that Corey personally assumed this obligation without regard to the ultimate result of the enterprise; and that, if Costelo received this sum, he was not bound to contribute towards any losses, if any such were found to have been sustained on the final adjustment of accounts. If this is the obligation which Corey assumed, an action at law on his promise in writing to that effect is the appropriate remedy for enforcing it.

For these reasons, a majority of the court are of the opinion that the                         *Exceptions must be sustained.*