HARVEY SILVER & another *vs.* EBEN D. JORDAN & another.

Suffolk.    March 23. — May 9, 1885.  COLBURN, J., absent.

An action on an account annexed, for making machinery, was brought against A. and B.  The plaintiff discontinued as to A.  At the trial, it appeared that the machinery was furnished on the credit of A. alone, and judgment was ordered for B.  The plaintiff then moved to amend by striking out his own name as plaintiff, and substituting therefor the name of A.  At the hearing upon this motion, it was found that B. had made no contract with the plaintiff, but there was evidence that B. had made a contract with A., which A. contended made B. liable to the plaintiff, either solely, as principal, or jointly with A.  *Held,* that these facts would not authorize a finding that the amendment sought was to " enable the plaintiff to sustain the action for the cause for which it was intended to be brought," within the Pub. Sts. *c.* 167, § 42.

CONTRACT, by Harvey Silver and Zeba Gay, against Eben D. Jordan and Charles Marsh, copartners under the firm name of Jordan, Marsh, and Company, and Isaac Hayden, upon an account annexed, to recover $7280.87, principally for making articles of machinery for the defendants.  Writ dated December 23, 1867.

At October term, 1882, the plaintiffs, of their own motion, discontinued as to Hayden, and the suit proceeded against Jordan and Marsh alone.  At the trial in the Superior Court, *Colburn*, J., ruled that the action could not be maintained, because it appeared that the goods were furnished upon the credit of Hayden alone; and a verdict was ordered for the defendants. The judge reported the case for the consideration of this court; and on January 5, 1884, a rescript was sent down ordering judgment on the verdict.  See *Silver* v. *Jordan*, 136 Mass. 319.

The plaintiffs thereupon filed a motion in the Superior Court for leave to amend the writ and declaration by striking out their names as plaintiffs, and inserting, in place thereof, the name of Isaac Hayden, and by making the other changes in the writ and declaration thereby rendered necessary; also by adding two additional counts.

At the hearing upon this motion, before *Knowlton*, J., the judge found the following facts:

Hayden contracted with the plaintiffs for this machinery, and also for everything else charged in the declaration, and at the same time informed the plaintiffs that the defendants were

interested with him in obtaining it. There was evidence of dealings between Hayden and the defendants, which Hayden contended, and the defendants denied, would have warranted him in making them liable to the plaintiffs for the goods, either solely, as principals, or jointly with himself. The plaintiffs furnished the goods on the credit of Hayden alone.

Hayden hoped, and had some reason to believe, that the plaintiffs had a legal claim against the defendants, which they could enforce in their own names and for their own benefit. He had made some payments on account of the machinery from time to time, before the commencement of this action, and he entered into an arrangement with the plaintiffs, that they should bring the suit at his expense and under his direction, to recover their debt from the defendants; and, if successful, should repay him the sums which he had paid on account of it. As a part of the same arrangement, he agreed to pay them further sums from time to time, to make up the whole amount of the debt, and to take back from them non-negotiable promissory notes, which were to be paid him when they recovered their debt from the defendants, and not before. Under this arangement, the action was brought to recover of the defendants a claim due the plaintiffs, that they might repay Hayden the sums which he had paid on account of it, and thus give him indirectly the benefit of the defendants' legal liability to them.

The judge ruled, as matter of law, that these facts would not warrant a finding, that the amendment proposed was to enable the action to be sustained for the cause for which it was intended to be brought, disallowed the motion, and ordered judgment for the defendants.

At the request of the plaintiffs, the judge reported the case for the consideration of this court. If the ruling was wrong, the order was to be revoked, and the case to stand for further hearing upon the motion; otherwise, judgment to be entered in accordance with the order.

*J. L. S. Roberts,* (*D. F. Crane* with him,) for the plaintiffs.

*J. D. Ball,* for the defendants.

C. ALLEN, J. Although the statute authorizing amendments is very liberal, there is a certain limitation to the power of the

court, namely, that an amendment sought for by a plaintiff must be one " which may enable the plaintiff to sustain the action for the cause for which it was intended to be brought." Pub. Sts. *c.* 167, § 42. Accordingly, in a case where an action was brought on a promissory note by an indorsee thereof, and the note was not negotiable, an amendment was allowed striking out the name of the existing plaintiff and substituting that of the payee. *Costelo* v. *Crowell,* 134 Mass. 280. But an amendment is not to be allowed for the purpose of enabling the action to be sustained in another person's name and upon a different cause of action.

In the present case, the cause of action upon which the action was brought was Hayden's promise to Silver and Gay, upon which it was then supposed or hoped that Jordan and Marsh could be held responsible. Hayden was the person making this promise, not the person receiving it. The promise which Hayden received from Jordan and Marsh, if he received any, was at an earlier time. Silver and Gay were the proper plaintiffs upon the cause of action for which the action was brought. The difficulty was in the proof. It was held that they received no promise from Jordan and Marsh, but only from Hayden. The action was maintainable against Hayden, unless indeed it had been extinguished by payment; and it would have been maintainable against Jordan and Marsh, if the plaintiffs had been able to prove such an express or implied contract as was alleged. Certainly, at the time the action was brought, the cause of action relied on was not a promise by Jordan and Marsh to pay Hayden anything. It is plain, therefore, that the amendment now moved for does not fall within the statutory authority to allow amendments. On the facts stated in the report, the object of the amendment is to enable the action to be sustained for a different cause than that for which it was intended to be brought.

*Judgment for the defendants.*