EDMUND B. BARLOW & others *vs.* MAJOR NELSON & another.

Hampden.    September 27, 1892. — November 25, 1892.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Joint Action by Legatees — Amendment of Declaration — Discretion of Presiding Judge.*

A gift, after the death of the widow of the testator, of the residue of an estate in five shares to certain legatees named, is not a joint gift, and the legatees on the death of the widow, cannot bring a joint action for the conversion of the estate.

Where the residue of an estate is given to the widow of the testator for life, and, after her death, in five shares to certain legatees named, a suit for a conversion of the estate after the death of the widow should be brought by the administrator *de bonis non* with the will annexed, the executors having deceased, and not by the legatees.

If a demurrer to a declaration in an action brought by a legatee for the conversion of property belonging to the estate of his testator is sustained, it is within the discretion of the court to refuse to allow the name of the administrator to be substituted for that of the plaintiff; and to the exercise of this discretion no exception lies.

TORT, for conversion. The amended second count set forth that Rufus Barlow and Ann Barlow duly qualified as the executors of the will of Edmund Barlow; that the entire estate came into the possession of Ann, who was the widow of the testator; that she used the same, so far as the one half bequeathed to her, as to her seemed best; that the other one half, the same being in her possession, she did not use during her lifetime, and did not need for her good and satisfactory support; that in 1891 the said Ann Barlow deceased; and that after her husband's decease, and until her decease, she lived with the defendants, and the defendants have taken and converted to their own use the said remaining one half of said estate, the same having been converted into money and checks, and of the value of ten thousand dollars, the said money and checks being the property of the plaintiffs under and by virtue of said will.

The third article of the will was as follows: " I give and bequeath to my beloved wife, Anna Barlow, one half of my estate, both real and personal; also all my household furniture and housekeeping effects, to have and to hold the same to her and her heirs and assigns forever; and I also further give to my said wife the free and undisputed use, during her natural life, the residue and remaining one half of my estate, both real and personal, to be entirely under her control, to be sold, conveyed, exchanged, or in any way managed as she may choose or desire; and should not the income of my whole estate be sufficient for her good and comfortable support, to her satisfaction, then she is to have, and I further give and bequeath to her, such further amount and proportion of the remaining one half of my estate, in addition, as she may need to her good and satisfactory support during her natural life, to be used in the same proportion that she uses or expends upon her own one half heretofore given her in full."

The fourth article of the will provided: " At and after the decease of my said wife, Anna Barlow, the residue and remain-

ing one half of my estate, both real and personal, not hereinbefore disposed of, I direct to be divided as follows, viz.: 1st. That it be divided into five shares, and I give and bequeath one share to Edmund B. Barlow and one share to Leland O. Barlow, sons of Rowland Barlow, of Granby, Hartford County, Conn. 2d. The remaining three shares I direct to be divided into seven equal shares, and I give and bequeath to Jane, Emory, Estell, and Rolla, children of the said Rowland Barlow, one share each of the seven shares," etc.

In the Superior Court the defendants demurred to the amended second count on the ground " that it does not appear from said amended second count that the plaintiffs have any joint interest in the property described in said amended second count, or any interest therein," and the demurrer was sustained. The administrator *de bonis non* with the will annexed filed a motion for leave to prosecute the action, in his name, as administrator for the benefit of the legatees. The motion was overruled, judgment was ordered for the defendants, and the plaintiffs appealed to this court.

*H. W. Ely & C. F. Ely*, for the plaintiffs.

*J. L. Rice*, for the defendants.

LATHROP, J. 1. The demurrer to the amended second count was rightly sustained. If we assume, in favor of the plaintiffs, that they are the persons named in the fourth clause of the will, or their representatives, the gift to them after the death of the widow of the testator is not a joint gift.

In *Whiting* v. *Cook*, 8 Allen, 63, where a testator bequeathed to his daughter a sum of money, with directions that the same should remain in the hands of his executor, to be paid to his daughter from time to time, and further provided that, if she should die before the whole sum was paid to her, the portion remaining unpaid should be divided equally among her children, it was held, on the death of the daughter, that her children could not sue the executor jointly. See also *Smith* v. *Haynes*, 111 Mass. 346. *Ellison* v. *New Bedford Five Cents Savings Bank*, 130 Mass. 48.

2. There is another difficulty in the plaintiffs' case. The action should have been brought by the administrator *de bonis non* with the will annexed of the estate of the testator. *Law-*

*rence* v. *Wright*, 23 Pick. 128. *Buttrick* v. *King*, 7 Met. 20. *Varnum* v. *Meserve*, 8 Allen, 158. *Sewall* v. *Patch*, 132 Mass. 326. *Minot* v. *Norcross*, 143 Mass. 326.

The cases of *Hall* v. *Burgess*, 5 Gray, 12, and of *Rich* v. *Rich*, 113 Mass. 197, are clearly distinguishable. In *Hall* v. *Burgess*, a testator left property to his wife so long as she remained his widow, with remainder over to his son. The widow married again, and the son, by an instrument in writing, gave her certain chattels, constituting a portion of the personal property, for her life. On her death, the son brought an action against the second husband, who had taken possession of the chattels ; and it was held that the action could be maintained on the ground that the action was " not for the recovery of the property of a person deceased, found in the possession of the defendant at his death, but of property which the defendant received under a written contract of gift from the plaintiff."

In *Rich* v. *Rich*, the plaintiffs were not devisees but heirs, who were entitled to a reversion in land. The action was against the administrator of the life tenant to recover the proceeds of the sale of the land. It was decided in favor of the plaintiffs on the ground that the sale was the concurrent act of the life tenant and the heirs at law, and that the administrator was liable on the promise of the life tenant to pay the purchase money to them upon her death.

3. After the action was begun, the administrator *de bonis non* with the will annexed of the estate of the testator filed a motion for leave to prosecute the action in his name, as administrator, for the benefit of the legatees. This motion was overruled; and an appeal was taken.

If we assume, in favor of the plaintiffs, that, under the Pub. Sts. c. 167, § 42, it was within the power of the court below to allow the amendment, (see *Silver* v. *Jordan*, 139 Mass. 280, 282,) it was within its discretion to deny the motion. *Payson* v. *Macomber*, 3 Allen, 69, 70. *Tucker* v. *White*, 5 Allen, 322. *Smith* v. *Whiting*, 100 Mass. 122. *George* v. *Reed*, 101 Mass. 378. *Winch* v. *Hosmer*, 122 Mass. 438. *Buckland* v. *Green*, 133 Mass. 421.

*Judgment for the defendants affirmed.*