MARIA CHURCH *vs.* JOHN G. PHILLIPS & another.

Suffolk.   December 7, 1892. — January 4, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Malicious Prosecution — Trustee Process — Amendment — Discretion of Court.*

An action of tort for malicious prosecution cannot be commenced by trustee process.

If it is in the power of the Superior Court to allow an amendment of the writ in an action for malicious prosecution commenced by trustee process, the principal defendant having answered generally and without objection until after the plaintiff's evidence has been introduced, it is within the discretion of the court to refuse to allow such amendment, and to the exercise of such discretion no exception lies.

TORT, for malicious prosecution, commenced by trustee process. Answer, a general denial.

At the trial in the Superior Court, before *Thompson*, J., without a jury, after the plaintiff had rested her case, the principal defendant moved to dismiss the action, on the ground that it was commenced by trustee process. The judge declined to rule

on this motion until the principal defendant's evidence had been put in. That was done, and the principal defendant then renewed his motion to dismiss, which the judge took under advisement. The plaintiff asked leave to amend her writ, in case the judge should rule that the action was not maintainable on the ground taken by the principal defendant. Subsequently, the judge denied the motion to amend, and allowed the motion to dismiss; and the plaintiff alleged exceptions.

*T. H. Pearse*, for the plaintiff.

No counsel appeared for the defendants.

KNOWLTON, J. Actions of tort for malicious prosecution cannot be commenced by trustee process. Pub. Sts. c. 183, § 1. This action was therefore rightly dismissed on motion. If it was in the power of the court to allow an amendment which would change the nature of the proceedings, and give jurisdiction to render a judgment against the principal defendant, he having answered generally and without objection until after the plaintiff's evidence had been introduced, it was within the discretion of the court to refuse to allow such an amendment, and to the exercise of the discretion no exception lies.

*Exceptions overruled.*