## FIRM INDEBTEDNESS NOT COVERED BY BOND OF MEMBER OF FIRM EXECUTED AS AN INDIVIDUAL.

Court of Appeals for Hamilton County.

O. N. OLMSTEAD ET AL, DOING BUSINESS UNDER THE FIRM NAME OF OLMSTEAD BROS., v. HENRY W. ALBERS.*

Decided, April 24, 1916.

*Sureties—Bond Executed by a Member of a Firm Individually—Does Not Cover Firm Indebtedness, When.*

A surety can not be held for a firm debt, where he testifies that at the time he signed the bond he did not know the man for whom he was signing was a member of the partnership, and his testimony is not denied.

*Shattuck & Hightower*, for plaintiffs in error.
*A. L. Herrlinger* and *Healy, Ferris & McAvoy*, contra.

JONES (E. H.), P. J.

The judgment of the superior court is affirmed on the authority of the following: *McGovney* v. *State of Ohio, for the Use of Lee's Admr.*, 20 Ohio, 93; *Morgan* v. *Bover*, 39 O. S., 324; *State* v. *Medary*, 17 O. S., 554; *London Assurance Co.* v. *Bold*, 6 Q. B. Rep., 514; *Parham Sewing Mach. Go.* v. *Brock*, 113 Mass., 197.

Counsel for plaintiffs in error tries to distinguish the case at bar from these cases, and in so doing says that in the cases cited the change in the business relationship of the parties to the bond, and especially of the principal obligor, arose after the bond was signed, while in this case Edwards was a member of the firm when the bond was signed by Albers, who by the terms of the bond became surety for Edwards only.

There is this distinction between the cases cited and this case. But Albers, the surety here, claims that he knew nothing about

*Affirming *Olmstead* v. *Albers et al*, 19 N.P.(N.S.), 177.

the partnership of which Edwards was a member when he signed the bond, and his statement is not denied. This want of knowledge on the part of Albers, the surety, would seem to warrant the application of the same principle to his case as was applied by the courts in the cases cited and would, we think, by like reasoning exempt him from liability for any joint delinquency shared by Edwards and other members of his firm.

It is also contended that the bond expressly provides for a several or joint defalcation. The language relied upon in this connection is not clear, and gives some color of right to the claim of defendant in error, viz., that this language in the bond is only intended to cover or apply to default growing out of a partnership formed in the future, and had no reference to any then existing joint arrangement to which Edwards was a party.

We think Albers is entitled to have the doubt, if any, resolved in his favor. But on account of the view we take of other aspects of the case the question is unimportant. The money due Olmstead Bros. upon the termination of the Edwards-Evans agency was due from the firm, and until the firm assets and the assets of the members thereof were exhausted there could be no liability on the bond.

The record fails to show that any effort was made to collect the sum here involved from Evans, and we think that is a condition precedent to recovery upon the bond, even though the construction contended for by counsel for Olmstead Bros. as to liability of the surety on the bond for joint malfeasance be correct.

Judgment affirmed.

JONES (Oliver B.), J., and GORMAN, J., concur.