ATTORNEY GENERAL *vs.* ALVRADO HENRY.

Worcester.    December 6, 14, 1927. — January 5, 1928.

Present: RUGG, C.J., BRALEY, CARROLL, & SANDERSON, JJ.

*Practice, Civil,* Amendment. *Quo Warranto. Mandamus. Municipal Corporations,* Officers and agents: superintendent of streets, selectmen.

Acting under G. L. c. 231, § 125; § 51, the full court of the Supreme Judicial Court allowed a petition by the Attorney General to intervene in a petition by citizens of a town for a writ of mandamus directing the respondent to vacate the office of superintendent of streets because he also was a member of the board of selectmen, and to amend that proceeding into an information in the nature of quo warranto filed by the Attorney General, the same facts and allegations being relied on by both parties and the same remedy being sought.

A member of the board of selectmen of a town which has not elected a highway surveyor and road commissioner under G. L. c. 41, § 1, cannot properly be elected by that board to the office of superintendent of

streets under §§ 66–68 of that chapter, although under G. L. c. 81, § 26, the division of highways of the department of public works has general direction over the expenditure of the money to be spent on the public ways of the town; his duties as superintendent of streets are repugnant to the supervisory duties which as a member of the board of selectmen he must under the law exercise over the superintendent of streets.

PETITION, filed in the Supreme Judicial Court for the county of Worcester on June 7, 1927, originally for a writ of mandamus commanding the respondent to vacate the office of superintendent of streets of the town of Upton.

The facts were agreed upon and are described in the opinion. A peremptory writ of mandamus was ordered by *Crosby,* J., who reported the case to the full court for determination.

The proceedings relating to amendment before the full court are described in the opinion.

*G. S. Taft,* for the respondent.

*C. F. Williams,* for the petitioners in the petition for a writ of mandamus, before the filing of the petition to amend by the Attorney General.

*A. K. Reading,* Attorney General.

RUGG, C.J. This case was brought as a petition for a writ of mandamus. The petitioners were seven citizens of the town of Upton. The respondent was a member of the board of selectmen of that town, who had been appointed superintendent of streets of that town by the board of selectmen. The purpose of the petition was to test the question whether the respondent lawfully could be appointed to that office by a board of selectmen of which he was and continued to remain a member. The pleadings were completed and the case submitted upon the petition, answer and an agreed statement of facts to a single justice, who ordered a peremptory writ of mandamus to issue and reported the case for the determination of the full court. The case was entered in the full court. After the decision by the single justice, an opinion was handed down in *Sevigny* v. *Russell,* 260 Mass. 294, wherein it was held that mandamus was not appropriate for such a case and that the proper process by which to try the title of one to a public office (except in cases when the

petitioner lays claim to the office himself) is an information in the nature of a quo warranto filed by the Attorney General. See, also, *Kenney* v. *Consumers' Gas Co.* 142 Mass. 417, 419. The case then came on for argument before the full court. The Attorney General has filed in this court a petition that he be permitted to intervene in the case, that its title be amended so that it shall be an information in the nature of a quo warranto, and that he be permitted to prosecute the information at the relation of the original petitioners.   His petition further sets forth that, "As the petition heretofore filed sets forth all allegations and facts in proper form for an information in the nature of quo warranto, your petitioner adopts said petition as his information, and further adopts the agreed statement of facts and the brief of the petitioners heretofore filed in the matter of the petition for mandamus, . . . as fully and completely as though the same had been filed and made by him."   This petition is assented to by representatives of all parties to the original case.   It was stated at the bar that the question of law involved is one of general interest to the smaller towns of the Commonwealth and that a decision of it is of public importance and is earnestly desired.

The petition for intervention and amendment is offered under G. L. c. 231, § 125, which provides that the "Supreme Judicial Court, upon any appeal, bill of exceptions, report, or other proceeding in the nature of an appeal in any civil action, suit or proceeding, shall have all the powers of amendment of the court below . . . ."   The powers of courts to allow amendments are found in G. L. c. 231, § 51, in these words: "The court may, at any time before final judgment, except as otherwise provided, allow amendments introducing a necessary party, discontinuing as to a party or changing the form of the action, and may allow any other amendment in matter of form or substance in any process, pleading or proceeding, which may enable the plaintiff to sustain the action for the cause for which it was intended to be brought, or enable the defendant to make a legal defence."   This statute as to amendments has been broadly interpreted for many years so as to accomplish as to form and technical procedure whatever the justice of the case requires, unless

prevented by positive rules of law. *Valentine* v. *Farnsworth,* 21 Pick. 176, 184. *Pizer* v. *Hunt,* 253 Mass. 321, 331, and cases there collected. Numerous cases have arisen where a new plaintiff has been introduced or substituted by amendment. *Crafts* v. *Sikes,* 4 Gray, 194. *Winch* v. *Hosmer,* 122 Mass. 438. *Buckland* v. *Green,* 133 Mass. 421. *Costelo* v. *Crowell,* 134 Mass. 280, 284. *Fay* v. *Duggan,* 135 Mass. 242, 244. *Pierce* v. *Charter Oak Life Ins. Co.* 138 Mass. 151. *Lewis* v. *Austin,* 144 Mass. 383. *Wright* v. *Vermont Life Ins. Co.* 164 Mass. 302, 305. *Silva* v. *New England Brick Co.* 185 Mass. 151. *Drew* v. *Farnsworth,* 186 Mass. 365. See, also, *Hutchinson* v. *Tucker,* 124 Mass. 240, *McLaughlin* v. *West End Street Railway,* 186 Mass. 150, *Eaton* v. *Walker,* 244 Mass. 23, 29, *Phillips* v. *Director General of Railroads,* 251 Mass. 263; certiorari denied in *Davis* v. *Phillips,* 269 U. S. 573.

Every substantive allegation of fact necessary for an information in the nature of a quo warranto was set forth in the petition for mandamus. The party now named as petitioner, of course, was in existence at the time the original proceeding was instituted. A legal remedy is sought founded on the same facts as in the original petition. The cause of action is the same as that set forth in the original petition and is described in the same words. The substance of the pleadings and the agreed facts on which the merits of the controversy must be decided are the same. Amendment changing the name of the process and the form of the petition is permissible in these circumstances. *Davenport* v. *Holland,* 2 Cush. 1, 12, 13. *Maker* v. *Bouthier,* 242 Mass. 20, 23, and cases there collected. *Sanger* v. *Newton,* 134 Mass. 308. *Childs* v. *Boston & Maine Railroad,* 213 Mass. 91. *Gray* v. *Everett,* 163 Mass. 77. *Merrill* v. *Beckwith,* 168 Mass. 72. *Clark* v. *New England Telephone & Telegraph Co.* 229 Mass. 1, 5, 6. *Magee* v. *Flynn,* 245 Mass. 128, 130. *Savage* v. *Welch,* 246 Mass. 170. *Holmes* v. *Carraher,* 251 Mass. 536, 539. *Weinstein* v. *Miller,* 251 Mass. 503, 505. The case at bar is distinguishable from cases like *Church* v. *Phillips,* 157 Mass. 566, *Partridge* v. *Arlington,* 193 Mass. 530, *Brooks* v. *Boston & Northern Street Railway,* 211 Mass. 277, *Guarino*

v. *Russo,* 215 Mass. 83, *Sterling* v. *Frederick Leyland & Co. Ltd.* 242 Mass. 8, 14, and *Hester* v. *Brockton,* 251 Mass. 41, where, for reasons having no relevancy to the facts disclosed on the present record, motions to amend have been denied.

The petition of the Attorney General, praying for leave to intervene and to be permitted to become the moving party and to amend the proceeding into an information in the nature of a quo warranto, is allowed.

The material facts are that the respondent was duly elected one of the board of three selectmen of the town of Upton. By the board of selectmen of which he was a member, he was appointed superintendent of streets, the town of Upton not having authorized the election of road commissioners or surveyors of highways. It is provided by G. L. c. 41, § 66, in substance that in such circumstances the selectmen shall appoint a superintendent of streets, who shall receive such compensation as they or the town determine, and shall be removable by them when the public interest requires. The by-laws of the town contain no provision on this subject. The duties of a superintendent of streets thus appointed are prescribed by G. L. c. 41, § 68, in these words: he "shall, under the direction of the selectmen, have full charge of all repairs and labor upon public ways and sidewalks, and, if no other provision is made, of repairs upon sewers and drains; and in relation to such matters he shall have the powers, perform the duties and be subject to the liabilities and penalties of surveyors of highways and road commissioners." See as to such duties §§ 62 and 64 of the same chapter. The town of Upton comes within the provisions of G. L. c. 81, §§ 26–28, for the benefit of towns of small valuation, whereby the Commonwealth makes contribution for the repair and improvement of public ways within the town other than State highways. In 1926, that contribution for the town of Upton amounted to $6,000 and the contribution of the town to $4,500. By said § 26 the amounts contributed by the Commonwealth and by the town "shall be expended under the direction of the division [of highways of the department of public works] on such ways as the division and the towns may agree upon." The division has

not designated any particular public ways in Upton for repair or improvement, but the contribution of the Commonwealth has been expended for the general maintenance of all roads. There are streets within this town falling within the description of G. L. c. 81, § 27, on which contributions from the Commonwealth may not be expended. The salary of the respondent as superintendent of streets was fixed by a previous board of selectmen and approved by the department of public works at sixty-two and one half cents per hour.

There is no suggestion in the record that in point of fact there was any wrong done to the town or that the public interest suffered through the action of the board of selectmen in appointing the respondent or in supervising his conduct. Therefore the bald question presented is whether there is incompatibility between the offices of selectman and superintendent of streets. We are of opinion that the board of selectmen could not properly elect one of their number superintendent of streets in the circumstances here disclosed. His compensation is to be fixed by the selectmen. He is to perform all his duties under the direction of the selectmen. The selectmen must determine when the public welfare demands his removal and act accordingly. The relation thus established by the law requires that the superintendent of streets be not a member of the board of selectmen. His personal and selfish interest as superintendent of streets would prevent him from having as a member of the board of selectmen an eye single to the interest of the public. His duties as superintendent of streets are repugnant to the supervisory duties which as a member of the board of selectmen he must under the law exercise over the superintendent of streets. This aspect of the case is governed by the principle of *Gaw* v. *Ashley*, 195 Mass. 173, and *Barrett* v. *Medford*, 254 Mass. 384. As is pointed out in the latter decision, the case of *Sylvester* v. *Webb*, 179 Mass. 236, is to be distinguished. The principle of incompatibility of offices is one of general application. It controls the public administration of towns as well as that of cities. This conclusion is not affected by the factor that the division of highways of the department of public works has general direction over the expenditure

of the money to be spent on the public ways of Upton under G. L. c. 81, § 26, already quoted. Whatever may be the precise scope of the powers thus conferred, it is plain that the provisions of G. L. c. 41, §§ 66–68, requiring the appointment of a superintendent of streets by the board of selectmen and establishing the relations between the former and latter already described, are not abrogated or suspended but remain in full force.

If any town desires one person to be both a selectman and the officer having charge of repair and maintenance of public ways, that result can be accomplished easily by providing for the election of a highway surveyor or road commissioner. G. L. c. 41, § 1. Such an officer would not be under the supervision of the selectmen.

*Judgment of ouster to issue.*