## Joseph R. Newall *vs.* Bachelor Hussey.

By the law of this State a debt due on account is considered as paid, and the contract extinguished by taking a negotiable promissory note for the amount; while the common law regards it only as security for an existing debt.

As the original contract no longer exists after the taking of such note, it follows that the note must be a new cause of action; and in our practice, amendments are not permitted to introduce a new cause of action.

It is within the discretion of the Judge of the District Court to permit amendments in all cases where by law the writ or declaration is amendable, and this Court does not revise that exercise of discretion. But if an amendment be permitted, which the law does not authorize, the party has a right to except.

EXCEPTIONS from the Middle District Court, REDINGTON J. presiding.

The declaration was only on an account annexed to the writ. After the action had been entered in Court, and continued several terms, the plaintiff offered as amendments, under a general leave to amend entered at the first term — 1. The money counts. 2. *Insimul computassent.* 3. A count on a note given by the defendant to the plaintiff, or his order payable on demand, with interest, dated *Aug.* 22, 1838. The defendant resisted the proposed amendments, and objected to the introduction of the note. It was admitted, that the note was given in settlement of the account in suit. REDINGTON J. allowed the plaintiff to file a count for money had and received, and one upon the note. To this the defendant excepted.

*J. S. Abbott,* for the defendant, cited *Vancleef* v. *Therasson,* 3 *Pick.* 12; *Howe's Prac.* 373, 380.

*Reed,* for the plaintiff, cited *st.* 1821, *c.* 93, § 16 ; *Young* v. *Adams,* 6 *Mass. R.* 182; *State Bank* v. *Hurd, ib.* 172; *Ball* v. *Claflin,* 5 *Pick.* 303 ; *Haynes* v. *Morgan,* 3 *Mass. R.* 208 ; *st.* 1822, *c.* 193, § 8; *Phillips* v. *Bridge,* 11 *Mass. R.* 242.

The opinion of the Court was by

SHEPLEY J. — By the law of this State, a debt due on account is considered as paid and the contract extinguished by taking a negotiable promissory note for the amount. While the common law regards it only as security for an existing debt, the note is here evidence of a new and different contract unless the contrary is made to appear.

The letter of the defendant, under date of 21st *November,* does admit that the note originated from the account sued ; it does not however rebut, but rather confirms the presumption of law, that it was received in discharge of the previous contract.

If the original contract no longer existed after taking the note, it would seem to follow, that the note must be a new cause of action. And so it has been decided to be in *Massachusetts* where the like rule of law prevails. *Vancleef* v. *Therasson,* 3 *Pick.* 12.

In our practice amendments are not permitted to introduce a new cause of action. It is within the discretion of the Judge of the District Court to permit amendments in all cases where by law the writ or declaration is amendable ; and this court does not revise that exercise of discretion. But if an amendment be permitted, which the law does not authorize, the party has a right to except.

This amendment must be regarded as unauthorized, because it introduces a new cause of action.

*Exceptions sustained and plaintiff nonsuited.*