THE ST. JOSEPH & DENVER CITY RAILROAD COMPANY V.
THURSTON CHASE.

1. EVIDENCE; *Competency; Proof of Negligence.* Where a person sues a rail-
road company for negligently permitting sparks to escape from its
engines and thereby setting fire to the plaintiff's property, and where it
is claimed in the action that the defendant's engines are not in proper
condition to prevent the escape of sparks, it is not error for the court to
permit the plaintiff to introduce evidence on the trial tending to show
that other fires were caused by sparks escaping from the defendant's
engines immediately before or immediately after the time that this par-
ticular fire occurred. Such evidence would clearly tend to prove that
the defendant's engines were not in proper condition for arresting sparks,
either that they were not properly constructed or that they were out of
repair.

2. ———— And in such an action, where all the engines belonging to the
defendant are coal-burners, and where it can be shown that it is more
dangerous to burn wood in a coal-burner than to burn coal therein, it is
competent for the plaintiff (a stranger to the company) to show that the
defendant was burning wood in all its engines in general, without show-
ing more particularly that wood was burned in the particular engine
which caused the fire, for such evidence would clearly tend to show that
the defendant was burning wood in this particular engine.

3. INSTRUCTIONS; *Acts of Parties.* The charge of the court to the jury,
that if the defendant changed the smoke-stack of the engine that caused
the fire after the fire occurred, because the smoke-stack was worn out or
defective, or for greater safety, the jury might consider this fact in deter-
mining whether the engine was in proper condition or not, was not
erroneous as a legal proposition, and there was sufficient evidence upon
this subject to authorize such an instruction.

4. NEGLIGENCE; *Use of One's Own Property.* It was not negligence *per se*
for the plaintiff to stack his hay on a newly-mown meadow, thirty rods
from the defendant's railroad. The question of negligence in this respect
was properly submitted to the jury.

5. INSTRUCTIONS ASKED, *May be Changed.* Where the defendant demands
a special verdict, and then asks the court to give an instruction to the
jury which can apply only to a general verdict, the court may without
committing any error so change the instruction as to make it apply to a
special verdict. Indeed, the court might in such a case refuse the in-
struction entirely.

6. FINDINGS; *Relevancy of.* Whether certain special findings made by a
jury are relevant and material, is not a material question; for if such

findings are irrelevant and immaterial no harm could be done by the jury making them.

7. DAMAGE BY FIRE; *Remote Injury; Cause of Action.* Where the sparks from the defendant's engine set fire to certain stubs of grass, where the grass had been previously mown, and the fire thus kindled spread until it reached the plaintiff's property, thirty rods distant, and there consumed the property, and where the stubs of grass, the ground over which the fire spread, as well as the property consumed by the fire, and for which the plaintiff sued, all belonged to the plaintiff, the damage to the plaintiff caused by said fire was not too remote to constitute the basis of a cause of action.

8. VERDICTS; *Weight of Evidence; Jury Trials.* Where a jury has found a special verdict, and the court below has refused to set aside the verdict, but has rendered judgment thereon, it is not enough to authorize the supreme court to reverse the judgment (because the verdict is not sustained by sufficient evidence,) that upon some of the essential facts in the case the weight of the evidence may seem to be against the verdict. As long as cases are submitted to juries, so long some respect must be given to their verdicts; and when the court below has sustained the verdict of the jury, as in this case, such action of the court adds great force and weight to the verdict of the jury.

### *Error from Brown District Court.*

CHASE sued the *Railroad Company* to recover damages for the destruction by fire of forty-five tons of hay, forty-five rods of fence, and one hay-rack and one hay-rake. The line of defendant's road was through plaintiff's land, and said property was situated on plaintiff's land, and about thirty rods from the railroad track. The fire was set to stubble and grass near the track by sparks and coals from defendant's locomotive, and passed over plaintiff's land, destroying plaintiff's property. Plaintiff claimed that defendant's locomotives and appurtenances were not in proper condition, and defendant's agents and servants were guilty of carelessness and negligence, and that by reason thereof the injury complained of · resulted. The defendant answered, first, a general denial, and second, that—

"Plaintiff placed his said hay on said land near to said railroad, then built and being operated by defendant by the means of locomotives propelled by steam generated by fire, and with full knowledge thereof plaintiff placed his said hay

at said place, and there allowed the same to remain without taking any precaution to protect the same from fires; and that said hay was then combustible in its nature, and so known to plaintiff; and all around said hay, and between it and such railroad, there was a rank growth of grass and weeds, which plaintiff carelessly permitted to remain there, and that by reason of such carelessness on the part of the plaintiff, said fire had been communicated to plaintiff's said hay, and the loss thereof occurred, which said loss and damage, with the exercise of ordinary prudence on the part of plaintiff would have been avoided."

The action was tried at the August Term 1872 of the district court. Testimony was offered and received that other fires occurred along the line of the road within a few weeks of the time of the fire which destroyed plaintiff's property. The defendant having given notice that it would demand a special verdict, twenty-four questions were submitted to the jury to which they were required to respond. The instructions given by the court on the part of the plaintiff sufficiently appear in the opinion. The *Railway Company* asked several special instructions, the 4th of which is as follows:

"4th. If the plaintiff knew that fires were frequently communicated to dry grass contiguous to defendant's right of way by passing engines, yet with that knowledge he put his hay, etc., upon his stubble-ground within a short distance from defendant's right of way, where combustible material extended continuously to the right of way, and took no means to secure said hay from fire kindled in said stubble, these facts are proper for the jury to consider in determining whether the plaintiff was guilty of negligence; and if plaintiff was himself guilty of negligence in so doing, and such negligence contributed in a material degree to plaintiff's loss, [the jury will find for defendant unless they should find plaintiff's negligence was slight and the defendant's very great."]

Which said instruction the court refused to give as asked, but modified the same by striking out the words inclosed in brackets and in lieu thereof inserted the words—"the jury will answer question No. 15, *No.*" The jury returned a special verdict, the fourth, fifth and sixth of which were, that "spark-arresters of coal-burners are made coarser than spark-

arresters of wood-burners; that it increases the danger of the escape of sparks and the spread of fire to use wood in coal-burners; and that the locomotive that set said fire was a coal-burner, and was burning wood at the time." Other findings were in substance, that the fire commenced about six rods from the railroad track; that the land there, and between that place and the hay-stacks, had been mowed about three weeks previously; that the burning of wood in said locomotive at said time was negligence; that defendant's said engine had the best contrivances then in use to prevent the escape and spread of fire, but defendant's smoke-stack and spark-arresters on said engine were not in good order and repair at the time; that the plaintiff took the usual and proper precautions to protect his property from fire, and was not guilty of negligence in stacking his hay on said stubble-ground — and the jury found in favor of the plaintiff, and assessed his damages at $240. New trial refused, and judgment on the verdict. The *Railway Company* brings the case here for review.

*Doniphan & Baldwin,* and *C. W. Johnson,* for plaintiff in error:

1. The evidence offered to prove that fires had been seen along the line of the road for some weeks before and after the fire complained of, is inadmissible. Its admission seems to be upon the theory that if you cannot prove negligence in regard to the particular act complained of, you may prove a previous act of negligence, and that some presumption exists that a defendant who is once negligent continues so.

2. In the performance of a legal act the presumption is that at least ordinary care was used. 37 Barb., 15; 32 Barb., 568; 4 Md., 242; 1 Redfield on Railways, 4th ed., 453, § 6; 47 Ill., 505. In the absence of any statute making railway companies responsible for all fires escaping from their engines, no presumption of negligence arises from the mere fact that fire escapes. 1 Redf. on Rlys., 452; 18 Barb., 80; 4 Cush., 288; 15 Conn., 124.

3. The second instruction was calculated to mislead the

jury. It tells them that, if about the time of this injury, defendant was changing stacks on some engines, this is evidence of negligence. The evidence shows that there were two kinds of stacks in use, the Baldwin and Girrette. Both were pronounced safe as regards fire, as far as engineering skill was able to make them consistent with power. The change was made, not on account of greater safety, but because one steamed better than the other. According to the logic of this instruction defendant is liable if it does not have the latest improvements, and the very act of changing is to be deemed evidence of negligence. The fact of the change being made, the jury are told they may infer defendant had been running an engine, the stack of which was worn out. Defendant is to be adjudged guilty of negligence if it does change its engines, and equally guilty if it don't! The positive testimony of the engineers is, that the engines were in good repair and provided with the most approved fire-screens known to skillful engineers. The instruction goes upon the theory that the law presumes negligence from the bare fact of the fire, and without any proof that it could have been prevented. 1 Redf. on Rlys, 4th ed., 452; 42 Ill., 407.

4. The plaintiff stacked his hay, and left his rack and hayrake in a stubble, six rods from defendant's right of way, in a dry stubble. He swears he knew fires were getting out along the line of the road, within three or four weeks prior to his loss, frequently. He had three weeks time from cutting to throw up a furrow or back-fire about his stacks, and gather up his hay implements. In our fourth instruction, we ask the court to charge the jury that if this shameful negligence contributed in any material degree to the loss, the plaintiff could not recover. This the court emasculates by telling the jury to answer question fifteen "No." Now, question fifteen is as follows: "Did the plaintiff take the usual precautions of a prudent man to save his property from fire in stacking his hay and leaving his other chattels in said stubble land?" We ask the court to tell the jury that such conduct is negligent, as every rational being must see, and to tell the jury if

this negligence contributed to the loss plaintiff could not recover, unless defendant's negligence was extreme. Instead of this the court limits this law of contributory negligence to one finding, as to whether plaintiff acted like a prudent man ! Some acts are negligent *per se*. (Redf. Rly. Cases, 341; 15 Conn., 124; 33 Barb., 429; 47 Ill., 497.) The law takes notice of them as such. Judges know it to be negligence as well as jurors. Plaintiff's act is of that character, and the court should have told the jury it was negligent. But he refers it to the jury, and limits it to a single question, which is a sure element of negligence.

5. Plaintiff sent to jury, by the 4th, 5th and 6th questions, matters that were purely immaterial and irrelevant. What difference whether meshes of the nets of coal-burners are coarser than wood-burners or not, or whether burning wood is more dangerous than coal, or that the engine was burning wood, if plaintiff has introduced no evidence showing or tending to show that, to good engineering, it would be deemed negligent? Our proof shows it necessary to use it in moderation; that skillful engineers do it, and it is not condemned by the most skillful.

6. The court should have allowed the motion for a new trial, not only for the several errors of law above named, but because the verdict is not supported by the evidence.

There is no proof anywhere in the record that defendant was in any manner negligent. The proof shows that the engines were provided with the best machinery to prevent the escape of fire, that all was in good repair, and in the hands of careful and skillful men. No proof is offered to rebut or weaken this testimony; and yet the jury answers all these questions against the defendant. The only evidence offered, tending in the remotest degree to show the accident was not unavoidable, is that in regard to wood being put in the fire. Any inference of negligence that might arise from this circumstance, in the absence of proof that it was unskillful or careless to do this, is rebutted by the engineers' testimony. 54 Penn. St., 345; 35 N. Y., 210.

*W. D. Webb*, for defendant in error:

1. Evidence is admissible which shows that fires had been set upon other occasions immediately before and after this fire was set by the same engine, for the purpose of showing either how the fire took or the defective condition of the engine from which it took, or the negligence of the defendant below. That it was admissible upon the principle that negligence thus once shown to exist, is presumed to continue until the contrary appears, see 1 Greenl. Ev., § 41; 4 Kern., 218; 8 Penn. St., 366; 23 Penn. St., 373; 32 N. Y., 399; 4 West. Jur., 445. It was negligence to permit an engine to remain on the track in use after it was shown by its use to be unfit, as where it set fire almost daily.

The engines of a railroad company are not subject to the inspection (not to say control) of the general public. The positive evidence of their good or bad condition, therefore, is in the possession of the corporation defendant alone. Unless, then, presumptive evidence can be resorted to by the injured party, nearly all such injuries would go unredressed. The burden being upon the plaintiff, and he having no opportunity or right to examine the offending engine, the railroad company might upon the trial fold its arms in perfect security, as the plaintiff could not prove the defective condition of its engines. The result would be to shut the doors of the courts in the face of this class of injuries. The very nature of the case renders presumptive evidence necessary to redress.

2. As the witnesses of defendant below had testified that the smoke-stack of this engine was "worn out," and was changed for greater safety, it was proper for the jury to give such weight to the testimony of the change at that particular time as they should deem it entitled to.

3. It was necessary to change the 4th instruction of defendant below as it was changed in order to make it applicable to the case. The verdict was to be special, and subject to the opinion of the court. Therefore as it was first presented it was entirely inapplicable.

4. The 4th, 5th, and 6th questions were properly submitted to the jury. If the spark-arresters of coal-burners have coarser netting than those of wood-burners, and the danger of the escape of fire is increased, when wood is used in coal-burning engines; or, to state the proposition here involved abstractly, if the plaintiff in error had perfect machinery, but supplied it with fuel for which it was not intended or fitted, and the danger is thereby increased, and fire actually results, this is gross negligence. It is as if the company had put perfect machinery under the control of unskillful and unpracticed servants.

5. It was not negligence *per se* for the plaintiff below to stack his hay within six rods of defendant's right of way. It was proper to submit that proposition to the jury. The plaintiff had the right to presume that the Railway Company would send good machinery and careful servants over the road, and the "law will never hold it imprudent in any one to act upon the presumption that another, in his conduct, will act in accordance with the rights and duties of both." (29 N. Y., 390.) If engines in good repair skillfully managed would not ordinarily have set this fire, the omission to exercise more than ordinary care is not contributory negligence. 35 N. Y., 27; 6 West. Jur., 377.

6. Where there is one continued, uninterrupted burning of one's property, set directly from the defendant's engine, and where there is no distinct and separate setting of fire from any intermediate object, by transmission through the air or otherwise, from that object, but where the burning was only one event and not a succession of events as in this case, "the cause of action is not too remote. 4 West. Jur., 447; 32 N. Y., 399; 6 Exch., 451; 13 Metc., 99; 5 Law Rep. C. P., 98; 53 Ill., 45.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Thurston Chase as plaintiff to recover damages from the St. Joseph & Denver City Railroad company for negligently setting fire to

and burning certain hay, etc., belonging to the said plaintiff. The plaintiff seems to have tried the case in the court below upon the theory that the fire was caused by sparks emitted from a locomotive of the defendant; that the smoke-stacks and spark-arresters of said locomotive were old, and not in good condition; that the locomotive was a coal-burner in which it was not safe to burn wood, but that wood was actually burned therein, whereby sparks escaped and caused the fire and the damage complained of. Under this theory we think it was competent for the plaintiff to introduce evidence on the trial tending to show that other fires were caused by

1. **Evidence; proof of negligence.** sparks escaping from the defendant's engines immediately before or immediately after the time that this particular fire occurred. (*Sheldon v. Hudson River Rld. Co.*, 14 N. Y., 218, 222; *Field v. N. Y. Cent. Rld. Co.*, 32 N. Y., 339, 346. See also in this connection *Huyett v. Phil. & Read. Rld.*, 23 Penn. St., 373; *Piggott v. Eastern Counties Rld. Co.*, 3 C. B., (54 Eng. C. L.,) 229; *Ill. Cent. Rld. Co. v. Mills*, 42 Ill., 407; *Ellis v. P. & R. Rld. Co.*, 2 Ire., (N. C.,) 138; *U. P. Rld. Co. v. Hand*, 7 Kas., 389.) Such evidence would clearly tend to show that the defendant's engines were not in proper condition for arresting sparks — either that they were not properly constructed, or that they were out of repair. It was shown by other evidence, and admitted, that all the defendant's engines were coal-burners, and it was also shown "that sparks do not escape from coal-burning engines when burning coal to amount to anything."

2. **Evidence; competency.** And as all the engines belonging to the defendant were coal-burners it was competent for the plaintiff (a stranger to the company) to show that the defendant was burning wood in all its engines in general, without showing more particularly that wood was burned in the particular engine which caused the fire; for such evidence would clearly tend to show that the defendant was burning wood in this particular engine. This kind of evidence would often be the best kind that a stranger to the company could produce, for it is not probable that strangers could distinguish

with any degree of accuracy or certainty between the different engines of the company, and a stranger to the company should not be compelled to rely upon the evidence of the employees of the company alone. If it was more dangerous, as it would seem from the evidence, to burn wood in a coal-burner than to burn coal therein, then this kind of evidence would be relevant, as tending to show negligence. But if not more dangerous, then the evidence could do no substantial harm to any one. All that we wish now to decide is, that the court below did not err by admitting said evidence, or if so that the error will not require a reversal of the judgment.

The charge of the court to the jury, that if the defendant changed the smoke-stack of the engine that caused the fire

3. Instructions, acts and admissions. after the fire occurred, because the smoke-stack was defective, or for greater safety, the jury might consider this fact in determining whether the engine was in proper condition or not, was not erroneous as a legal proposition; and there was sufficient evidence upon this subject to authorize such an instruction. The change for such a reason was a virtual admission of the company that the smoke-stack was not in good condition. The court possibly however gave too much prominence to a slight circumstance, such as this was.

It was not negligence *per se* for the plaintiff to stack his hay on a newly-mown meadow, thirty rods from the defend-

4. Negligence. Use of one's own property. ant's railroad. (*Cooper v. Champ. Trans. Co.,* 1 Denio, 91, 99; *Fero v. Buffalo Rld. Co.,* 22 N. Y., 209; *Kellogg v. C. & N. W. Rld. Co.,* 26 Wis., 223.) A man who uses his own property lawfully is seldom negligent simply because he has not provided against the negligence of others. He is generally not bound to anticipate the negligence of others. The question of whether the plaintiff was negligent in this respect or not was properly submitted to the jury, (*U. P. Rly. Co. v. Rollins,* 5 Kas., 181,) and the jury found as a question of fact that he was not negligent. These

remarks will also apply to the plaintiff's hay-rack and hay-rake.

The defendant certainly has no reason to complain on account of the change made by the court to the fourth instruc-

**5. Changing instructions asked.** tion asked for by the defendant. The defendant demanded a special verdict, and then asked this instruction, which would apply only to a general verdict. The court changed it so as to make it apply to the special verdict. The court might without committing error have refused the instruction entirely. The court was not bound to change the instruction so as to make it apply to a special verdict.

The fourth, fifth and sixth findings of the jury were not irrelevant or immaterial; but if they were, what harm can

**6. Findings; relevancy.** be done by irrelevant or immaterial findings? We think none. There was certainly some evidence which sustained these findings.

The railroad company not only claims that the danger from said sparks was so direct, proximate, immediate and imminent

**7. Damages by fire; remote injury; cause of action.** that it was negligence *per se* for the plaintiff to stack his hay and leave his rack and rake so near the railroad as to be in danger from such sparks, but the company also claims that the damage to plaintiff's said property was so indirect, remote, and not to be expected, that such damage cannot constitute the basis of a cause of action. It is true that the sparks from the defendant's engine did not directly set fire to the plaintiff's said property; but they set fire to certain stubs of grass where the grass had been previously mown, and the fire thus kindled spread until it reached the plaintiff's said property thirty rods distant, and there consumed the property. And it is also true that the stubs of grass, and the ground over which the fire spread, as well as the hay, the rack, and the rake, for which the plaintiff sued, all belonged to the plaintiff. It was therefore one fire only which was kindled and did all the damage on the plaintiff's premises. We therefore think that the damage was not too remote to constitute the basis of a cause of action:

5—11 KAS.

*Field v. N. Y. Cent. Rld. Co.*, 32 N. Y., 339; *Kellogg v. C. & N. W. Rld.*, 26 Wis., 223; *Perly v. Eastern Rld. Co.*, 98 Mass., 414; *Hart v. Western Rld. Co.*, 13 Metc., (Mass.,) 99 —and authorities cited by counsel for defendant in error.

We cannot reverse the judgment in this case on the ground that the verdict is not sustained by sufficient evidence. Upon some of the essential facts in the case, the weight of the evidence may seem to be against the verdict. But this is not enough to authorize a reversal of the judgment. There was some evidence to sustain every essential fact. The fire was caused by the defendant's engines. The engines were all coal-burners. It is more dangerous to burn wood in coal-burners than to burn coal therein. The net-work fire-arresters of a wood-burner have finer meshes than the net-work fire-arresters of a coal-burner. There was direct and positive evidence that wood was burned in the very engine which caused the fire; and this wood was put in the engine just before the engine reached the plaintiff's premises, and just before ·this fire ·occurred; and there was half a cord of wood on the engine at that time. Fires were frequently caused by the defendant's engines; and generally they were caused by an engine that passed about the time that this engine should have passed. What should be inferred from this fact? These fires were caused by large sparks escaping from the engine. Sparks do not escape from a coal-burner in good condition and properly managed to amount to anything. This fire was caused in October; and the next February the smoke-stack of the engine that caused the fire was changed "because the old stack was worn out," etc. A great deal of this evidence was rebutted by other evidence, and perhaps in some instances the weight of the evidence was with the defendant; but the jury found against the defendant on this conflicting evidence. And so long as cases are submitted to juries so long some respect must be given to their verdicts. And when the court below has sustained the verdict of the jury, as in this case, such action of

8. Verdicts; weight of evidence; jury trials.

the court adds great force and weight to the verdict of the jury. The judgment of the court below must be affirmed.

All the Justices concurring.