## BUTCHER v. VACA VALLEY & C. L. R. CO.*

### No. 7883; January 9, 1885.

#### 5 Pac. 359.

**Railroad—Fires—Allegation and Proof.**—Where the complaint in an action against a railroad company alleges the destruction of the plaintiff's property by a fire kindled on his premises by sparks which proceeded directly from defendant's locomotive to plaintiff's land, but the proof is that such property was destroyed by a fire kindled on the adjoining land by sparks from the same source, which fire moved onto plaintiff's land, this does not constitute a material variance between the proof and the allegation.

**Railroad—Fires—Proof of Similar Acts.**—It is not erroneous to permit proof that prior and subsequent to the fire which produced the injury complained of, other fires had been kindled by defendant's engines.[1]

---

*For subsequent opinion in bank, see Butcher v. Vaca Valley etc. R. R. Co., 67 Cal. 518, 8 Pac. 174.

[1] Cited and followed in Florida E. C. Ry. Co. v. Welch, 53 Fla. 152, 162, 44 South. 255, holding that if the complaint charges a direct ignition of plaintiff's property by sparks from the defendant's engine, and the proof is that the direct ignition was suffered by a neighbor's property and thence communicated to that of plaintiff, there is no material variance.

**Railroad—Fires—Evidence of Repairs to Engine.**—Evidence of repairs made on the smokestack of the locomotive, which it is alleged caused the fire complained of, is properly admissible.

**Railroad—Fires—Preponderance of Evidence.**—Whether the preponderance of evidence was on the one side or the other of a question of fact is a matter for the jury alone to determine.

**Railroad—Fires—Instructions to Jury.**—An instruction to a jury that if they "find that the fire complained of was kindled by defendants under circumstances incompatible with the idea that the engine was of approved construction and properly managed," they shall find for plaintiff, implies that there was evidence sufficient to justify such a finding, and is erroneous.

Myrick, J., dissenting.

APPEAL from the Superior Court of Solano County.

Jos. McKenna for appellant; G. A. Lamont and W. Van Dyke for respondents.

SHARPSTEIN, J.—Whatever may have been the origin of the fire which consumed the plaintiff's grain, none of the witnesses saw it before it had reached "Wilson's field," which lies between the defendant's railroad and the plaintiff's land. The allegation of the complaint is that "by reason of the carelessness and negligence of said company (defendant), and the engineers and employees thereof, the fire from the engine and locomotive of said road was suffered to escape and did escape, and by reason thereof came upon the land of the plaintiff," etc. To the introduction of evidence of the discovery of the fire in "Wilson's field," the defendant objected upon the ground that "the allegation of the complaint is as to a fire communicated by the defendant's engine to the plaintiff's field." The most favorable light in which the evidence can be viewed for the plaintiff is that it tends to prove that a fire was kindled in "Wilson's field" by sparks emitted by said locomotive, and that the fire so kindled moved on through said field until it reached the land of the plaintiff, where it caused the injury complained of. And if this constitutes a material variance between the proof and the allegation, the objection should have been sustained. But the court overruled it. The ruling was excepted to, and is specified as error.

Whether the destruction of the plaintiff's property was caused by a fire kindled on his premises by sparks which proceeded directly from the locomotive to his land, or by a fire kindled on land adjoining his by sparks from the same source, would not affect the defendant's liability: Henry v. Southern P. R. Co., 50 Cal. 176; Fent v. Toledo P. & W. Ry. Co., 59 Ill. 349, 14 Am. Rep. 13; Insurance Co. v. Tweed, 7 Wall. (U. S.) 44, 19 L. Ed. 65; Powell v. Deveney, 3 Cush. (Mass.) 300, 50 Am. Dec. 738; Vandenburgh v. Truax, 4 Denio, 464, 47 Am. Dec. 268; Hart v. Western R. Co., 13 Met. (Mass.) 99, 46 Am. Dec. 719; Perley v. Eastern R. Co., 98 Mass. 414, 96 Am. Dec. 645; Piggot v. Eastern Counties Ry. Co., 54 E. C. L. 229; Smith v. London & S. W. R. Co., L. R. 5 C. P. 98; Field v. New York C. R. Co., 32 N. Y. 345.   If the allegation had been strictly in accordance with the evidence, the material question would have been: Was the plaintiff's property destroyed by a fire kindled in "Wilson's field" by sparks emitted from defendant's locomotive?   As it is, if the evidence had strictly corresponded with the allegation, it would have shown that sparks emitted from the defendant's locomotive proceeded directly to plaintiff's land, and there kindled the fire which consumed his property.   In either case the gravamen of the charge would be: that the fire was caused by the negligence of the defendant in permitting sparks to escape from its locomotive.   So the only variance between the allegation and the proof is as to the place where the fire which, it is alleged, escaped from defendant's locomotive first came in contact with inflammable matter; and the liability of the defendant would be the same whether the locus in quo was on the plaintiff's land or in "Wilson's field"; therefore it is not apparent to us how the defendant could have been actually misled to its prejudice in maintaining its defense upon the merits: Code Civ. Proc., sec. 469.

If the plaintiff's witness Marshall had testified that he saw a fire kindled by sparks emitted from a locomotive on the defendant's road, either before or after the destruction of the plaintiff's property, such evidence would have been admissible to show the cause of the injury complained of, or to show negligence in the construction or working of defendant's locomotive: Henry v. Southern P. R. Co., 50 Cal. 176; Home Ins. Co. v. Pennsylvania R. Co., 11 Hun (N. Y.), 182; Grand

Trunk R. Co. v. Richardson, 91 U. S. 454, 23 L. Ed. 356; Field v. New York etc. R. Co., 32 N. Y. 339; St. Joseph & D. C. R. Co. v. Chase, 11 Kan. 47; Huyett v. Philadelphia & R. R. Co., 23 Pa. 373; Piggott v. Eastern Counties Ry. Co., 3 C. B. 229; Illinois Cent. R. Co. v. Mills, 42 Ill. 407; Ellis v. Portsmouth & R. R. Co., 2 Ired. (N. C.) 138.

In Henry v. Southern P. R. Co. this court said: ''We think there was no error in permitting proof that prior and subsequent to the fire which produced the injury complained of, other fires were kindled by defendant's engine.'' But the witness Marshall did not testify that the fire, which he saw about two weeks after plaintiff's property was destroyed, was caused by defendant's locomotive. On the contrary, he testified that he did not know what caused it. But we are not called upon to determine the weight of such evidence. The question of its admissibility is alone before us; and we think it was admissible under the cases above cited. If evidence that the main fire was first discovered soon after the engine had passed near the spot where it was discovered was admissible, of which we entertain no doubt, it would seem that evidence of another fire soon afterward, discovered near the track over which the same engine had, but a little time before the discovery, passed, would be admissible. Evidence of repairs made on the smokestack of the locomotive which it is alleged caused the fire complained of was properly admitted: St. Joseph & D. C. R. Co. v. Chase, 11 Kan. 47.

We are not prepared to hold that the court erred in overruling the defendant's motion for a nonsuit. In Grand Trunk R. Co. v. Richardson, 91 U. S. 454, 23 L. Ed. 356, the court said: ''It was proved that engines run by the defendant had crossed the bridge not long before it took fire. The particular engines were not identified, but their crossing raised at least some probability, in the absence of proof of any other known cause, that they caused the fire.''

We think the fact of defendant's locomotive passing the field where this fire was first discovered, only a few minutes before the discovery of it, raised at least some probability, in the absence of proof of any other known cause, that the fire was caused by said locomotive. The facts that a strong wind was blowing from the north, and the fire was first discovered south of where the locomotive had just passed, tended in some

degree to strengthen that probability. The evidence given by the witness Babb tended in some degree to show that this engine or locomotive was lighter and had shorter flues than some of defendant's engines, and for those reasons would be more liable to emit fire than heavier engines with longer flues. Whether the preponderance of evidence was on the one side or the other of that question was for the jury alone to determine.

Among the instructions given to the jury was the following, which was excepted to:

"In determining the question whether defendant's engine was of the most approved construction and properly managed, the jury should consider all the testimony in the case; and if they find that the fire complained of was kindled by the defendant's engine under circumstances incompatible with the idea that the engine was of approved construction and properly managed, they may find for the plaintiff."

By saying to the jury, "If you find that the fire complained of was kindled by defendant's engine under circumstances incompatible with the idea that the engine was of approved construction and properly managed," the court implied that there was evidence sufficient to justify such a finding. Otherwise the court was not justified in assuming that the jury might so find. And the circumstances under which the fire was kindled, as developed by the evidence, were that it was first discovered in "Wilson's field" soon after said engine had passed over the road near the north line of said field; and that a high wind was blowing from the north at the time. The fire had been kindled before anyone discovered it. From these circumstances alone the jury were in effect told that they might find that the defendant's engine was not of approved construction and properly managed, which was tantamount to saying that if the fire in "Wilson's field" was kindled by fire which had escaped from said engine, the jury might presume negligence in the construction or management of it, and on that evidence alone find for the plaintiff generally.

Whether upon the entire evidence the jury would not have been justified in finding that the engine was improperly constructed or negligently managed is a question on which we express no opinion. We simply say that in this state the cir-

cumstances under which the fire was kindled, as developed by the evidence, would not, in the absence of any other evidence bearing on the question, justify a finding that the engine was not of approved construction and properly managed. And as the instruction excepted to clearly implies that the jury would be justified in so finding upon those circumstances alone, the defendant is entitled to a new trial. Judgment and order reversed.

We concur: Thornton, J.; McKinstry, J.; McKee, J.

I concur in the judgment of reversal: Morrison, C. J.

ROSS, J.—I concur in the judgment of reversal, and, in the main, in the opinion of Mr. Justice Sharpstein. I do not agree, however, that the testimony of the witness Marshall was admissible, nor do I agree with what is said in the opinion with respect to the witness Babb.

MYRICK, J.—I dissent from the judgment reversing the judgment and order of the court below, and from the reasons therefor.