MARTÍ, PLAINTIFF AND APPELLEE, *v.* AMERICAN RAILROAD COMPANY, DEFENDANT AND APPELLANT.

Appeal from the District Court of Mayagüez in an Action for Damages.—Motion for a New Trial.

No. 2153.—Decided July 15, 1920.

NEW TRIAL.—When it is evident that the trial was conducted under an erroneous view of the law it is proper to grant a new trial.

PLEADING—AMENDMENT.—An amendment to a complaint is allowable when it

does not set up a new, separate and distinct cause of action. The test consists in inquiring whether it sets up another issue, or is based on the same contract or injury. Other rules are whether obtaining judgment under the original complaint would preclude obtaining judgment under the amended complaint; whether the same evidence would support both complaints, and whether the same measure of damages is applicable. If these questions can be answered in the affirmative the amendment is allowable.

ID.—ID.—DAMAGES—RAILROAD.—The original complaint alleged that the burning of the sugar cane of the plaintiff was caused · by sparks or ignited cinders thrown off by a locomotive of the defendant. Evidence was admitted at the trial, over the objection of the defendant, tending to show that the sparks fell in some dry grass on the track of the defendant; that the grass caught fire and the fire was communicated to some cane and from that cane to the cane of the plaintiff. The district court dismissed the complaint on the ground that there was a fatal variance between the pleadings and the proof. The plaintiff moved for a new trial and filed an amended complaint reciting the facts as they appeared from the evidence. *Held:* That the court did not err in granting a new trial and allowing the amendment.

The facts are stated in the opinion.

Messrs. *F. G. P. Almiroty* and *G. H. Moscoso* for the appellant.

Messrs. *J. Sabater* and *F. Otero* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

José Martí sued the American Railroad Company of Porto Rico to recover $613 as damages sustained by the burning of certain sugar cane belonging to him, the fire having been caused by sparks or live coals falling from one of the defendant's locomotives.

The district court dismissed the complaint on the following ground:

"The court finds that the plaintiff's sugar cane was burned; that he suffered the loss alleged in the complaint, and that the fire was caused by sparks falling from the fire-box of the locomotive to the track and igniting some dry grass thereon, the fire thence spreading to an adjoining cane field and thence to the plaintiff's sugar cane which was destroyed. * * *."

"The origin of the fire is described by the plaintiff in the third count of the complaint as follows: 'That defendant's locomotive No. 83 was being carelessly and negligently driven and handled by the defendant's employees and some sparks or live coals dropped from it and set fire to some sugar cane adjoining the cane of the

plaintiff, to which the fire spread and the plaintiff's cane was destroyed.'

"There is a fatal variance between the allegations and the evidence; therefore the complaint must be dismissed.

"33 Cyc. 1352, note 96; 1356, Par. C and note 23, page 1357 ＊   ＊   ＊ ."

The plaintiff thereupon moved for a new trial on the following grounds:

"(1) The court committed error of law at the trial in overruling the objection of counsel for the defendant to the testimony of the witnesses for the plaintiff on the material point that the fire started by the ignition of some dry grass carelessly left near the defendant company's track, which fact was not set up in the complaint, thus causing the plaintiff to go on with the trial under the impression that the allegations of his complaint were sufficient.

"(2) Accident or suprise that could not have been foreseen by ordinary prudence, in that the attorney for the defendant interposed a general demurrer on the ground that there was no cause of action against the defendant, but withdrew and did not argue the demurrer, the plaintiff being ignorant of the ground thereof until the trial, when the defendant contended that the allegations of the complaint were insufficient for the admission of the evidence tending to show the negligence of the defendant and that as a consequence of such negligence the fire occurred which caused the damages claimed by the plaintiff in his complaint, while, according to the complaint, negligence is charged against the defendant company's employees, and the court having overruled the objection of the defendant's counsel, the plaintiff went on with the trial in the belief that the allegations of the complaint were sufficient for admitting the evidence, whereas in fact this court dismissed the complaint for insufficiency of the allegation of the complaint and for variance thereof with the evidence examined to show negligence on the part of the defendant company.

"The motion will be supported by an affidavit of the plaintiff's attorney, by the record and other documents and by the minutes of the court."

The defendant opposed the motion, but after argument the court granted a new trial and allowed the amended com-

plaint to be included in the record "on the ground that by overruling the motion for nonsuit made by the attorney for the defendant at the close of the trial, counsel for the plaintiff was led to believe that the allegations of his complaint were sufficient for the admission of the evidence examined and for that reason did not ask leave to make the allegations conform to the evidence."

The defendant company took the present appeal, alleging that the district court erred (1) in sustaining the motion for a new trial and (2) in admitting the amended complaint.

1. In reviewing the jurisprudence on the subject we find the following rule in 20 R. C. L. 227:

"Where it is evident that the trial proceeded on an erroneous view of the law a new trial is properly granted."

In support of this rule the case of *Adams* v. *Clark,* 9 Cush. (Mass.) 215; 57 Am. Dec. 41, is cited. The opinion of the Supreme Court of Massachussets in that case begins as follows:

"As the exceptions state that the plaintiff, at the trial, admitted (what is not law) that unless he had made a tender he could not maintain this action, he seems to have lost his case chiefly by his own fault or mistake; and we have had some doubts whether he is entitled to relief. But inasmuch as the exceptions, though defectively drawn up, show that the trial proceeded upon an erroneous view of the law, we have deemed it our duty to set aside the verdict."

And this court, in the case of *Pedrogo et al.,* v. *Succession of Huertas,* 25 P. R. R. 133, said:

"When an action of filiation is brought against several persons as members of a succession according to the title of the complaint, without any allegation showing how they derive their status as such members of the succession, and a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action is overruled, the court commits manifest error which produces the result that the plaintiff goes to trial under the impression that

the allegations of his complaint are sufficient; therefore the court does not abuse its discretion in granting him a new trial.''

Applying the rule quoted to the cases cited, we must conclude that the District Court of Mayagüez did not err in granting the new trial moved for by the plaintiff.

2. The appellant contends that the district court erred in entertaining the amended complaint because it tended to introduce a new, distinct and separate cause of action and therefore was not admissible.

This question has been given careful consideration by the courts. We suggest a reference to the note to *Flanders* v. *Cobb,* 51 American State Reports, 410–435. The general rule is stated as follows:

''In nearly all of the states, the general rule is, that no amendment can be allowed, either at or before trial, which introduces into the case a new, substantive cause of action, different from that declared upon and different from that which the party intended to declare upon when he brought his action. If this were allowed, a single suit, it is said, might become 'a business for life.' The statement, by way of amendment, of an entirely new cause of action is not allowable, either at common law, in equity, or under the codes.''

As to what should be the attitude of an appellate court, the note says:

''It is often said that the allowing or disallowing of an amendment changing the cause of action, is a matter for the discretion of the court below, and that its ruling can not be reviewed on appeal: *Taylor* v. *Keler,* 51 Conn. 397; *Church* v. *Phillips,* 157 Mass. 566; *Newall* v. *Hussey,* 18 Me. 249; 36 Am. Dec. 717; *Watts* v. *Weston,* 62 Fed. Rep. 136; *Davis* v. *New York etc. R. R. Co.,* 110 N. Y. 646; *Henry* v. *Cannon,* 86 N. C. 24; *Trumbo* v. *Finley,* 18 S. C. 305. This is undoubtedly good practice where the order is one of refusal, or where it is apparent that the amendment does not set up a new cause of action; but where the amendment does set up a new cause of action, and that is the thing of which the defendant complains, he undoubtedly has a right to except to it as

having been improperly allowed, and to have his exception considered on appeal; *Newal* v. *Hussey*, 18 Me. 249; 34 Am. Dec. 717; *Annis* v. *Gilmore*, 47 Me. 152.'' 51 Am. St. Rep. 434.

If it is sought to set up a new, separate and distinct cause of action, as claimed by the appellant, it is manifest that under the foregoing jurisprudence we should reverse the ruling appealed from. In the same note we find the test for determining whether or not the amendment in this case has the scope attributed to it by the appellant, as follows:

"The true criterion for determining whether an amendment to a complaint is allowable is to inquire whether the proposed amendment is another cause of controversy, or is upon the same contract or injury: *Maxwell* v. *Harrison*, 8 Ga. 61; 52 Am. Dec. 385. A fair test to determine whether a proposed amendment of a complaint sets up a new cause of action is to ask whether a recovery on the original complaint would be a bar to a recovery under the amended complaint: *Davis* v. *New York, etc., R. R. Co.*, 110 N. Y. 646. It is also held that two of the tests by which to determine whether a second petition is an amendment, or the substitution of a new cause of action, are: 1. That the same evidence will support both petitions; 2. That the same measure of damages will apply to both. If both of these fail, the new pleading is not an amendment.'' 51 Am. St. Rep. 416.

We have already referred to the third count of the original complaint. That count is set up in the amended complaint as follows:

"That between the hours of twelve and one of January 23, 1918, defendant's locomotive No. 83, operated and driven by the defendant's employees and engaged in hauling a freight train, carelessly and negligently dropped sparks and ignited cinders which set fire to some dry grass which was negligently left by the defendant near its railway track, the fire spreading immediately to the sugar cane of Gustavo Ortiz and thence to the adjoining sugar cane of the plaintiff, which was totally destroyed.''

In other words, the change made by the amendment consisted in an allegation that the fire caught in some dry grass

left near the defendant's right of way before it spread to the sugar cane adjoining that of the plaintiff and thence to the plaintiff's own cane.

The amendment does not affect the claim for damages for the loss sustained by the plaintiff as a result of the fire. Had the plaintiff recovered a judgment on the original complaint it is evident that he could not have brought a distinct action setting up separately the facts alleged in the amendment. The same evidence, as was practically shown, served as the basis of both complaints, and the same measure of damages was applicable whether the fire was communicated in the manner stated in the original complaint or was propagated as set out in the amendment. The only point which might give rise to some doubt is whether, if the original complaint had been dismissed and the action definitely disposed of, the plaintiff could have brought a new suit on the same facts, supplemented by those set up in the amendment, without being defeated by the defendant's plea of *res judicata*.

In the light of our jurisprudence, especially that established in the case of *González* v. *Méndez et al.*, 15 P. R. R. 682, we are inclined to believe that a plea of *res judicata* would be good. In that case we said:

"Where the annulment of a conveyance of the property of her minor daughter is sought by a mother by reason of the fact that she was without judicial authorization to make the conveyance, and in another action the annulment thereof is sought on the ground that the mother did not have the *patria potestas* of her daughter, the object of both actions being to recover an inheritance and annul a deed of conveyance, there exists an identity of actions which goes to constitute *res judicata*."

And also:

"The identity of actions necessary to the existence of *res judicata* is present, although the grounds or reasons for the annulment of the conveyance alleged in such actions are different when the

object of such actions is the same.    (Judgment of the Supreme Court of Spain, March 14, 1898)."

This being so, although the amendment sets up a fact in addition which, taken in conjunction with the other facts alleged, may perhaps determine the real negligence chargeable to the defendant, the conclusion does not follow that it states a new, distinct and separate cause of action which could not be pleaded and proved within the same suit.

In referring to 33 Cyc., which devotes more than one thousand pages to the special subject of railroads, we find some decisions in the notes relative to variance between the pleadings and the proof which we think proper to cite, as follows:

In the case of *Florida East Coast R. Co.* v. *Welch,* 53 Fla. 145, 44 So. 250, it was held that no fatal variance exists between a pleading that the defendant communicated a fire from its locomotive to the property of the plaintiff, which spread through the plaintiff's property and damaged some trees thereon, and the evidence that the fire was not directly caused by a locomotive on the property of the plaintiff, but originated by negligence on an adjoining property and was communicated by natural causes to the lands of the plaintiff.

In the case of *Brush* v. *Long Island R. Co.,* 10 N. Y. App. Div. 535; 42 N. Y. Suppl. 103 (affirmed in 158 N. Y. 742, 53 N. E. 1123), it was held that although a complaint alleging that the defendant attended to the firing of an engine in such a negligent and careless manner that fire was communicated to the plaintiff's land, had no reference to the cut grass and leaves on the right of way as an element of propagation of the fire, damages could be recovered for a fire communicated from the engine to the grass and leaves and from these to the land of the plaintiff.

Evidence that the property of the plaintiff was destroyed by a fire which originated in an adjoining property by sparks from the defendant's engine and thence communicated to

the plaintiff's property, is not a material variance where it is alleged that the destruction of plaintiff's property was caused by a fire which originated on his property by sparks from the defendant's locomotive. *Butcher* v. *Vaca Valley, etc., R. Co.* (Cal. 1885), 5 Pac. 359; 67 Cal. 518, 8 Pac. 174. But see the case of *Toledo, etc., R.* v. *Morgan,* 72 Ill. 155.

In view of all the foregoing and also bearing in mind the peculiar circumstances of this case, which show that from the beginning the plaintiff introduced evidence tending to show that the fire was propagated in the manner described in the amended complaint; that the plaintiff believed that the general allegation of his original complaint warranted his proceeding in that manner; that his belief was strengthened by the action of the court; that the trial was conducted on that theory, and finally that the spirit of the Code of Civil Procedure is liberal in the matter of amendments, we are of the opinion that in the interest of justice the action of the district court should not be reversed.

In conclusion we desire to point out that the decision which we have reached is supported by our own jurisprudence. A question similar to the one involved in this case was disposed of in *Mongil* v. *Castro, District Judge,* 19 P. R. R. 650, in which, after considering the facts and analyzing the jurisprudence, this court expressed itself through Mr. Justice Wolf as follows:

"Under no circumstances can we see that the defendant was really put at a disadvantage by the action of the court. The defendant presented a demurrer and the court first overruled the same, thus inducing the complainant to believe that she had a good cause of action. Hence, when the court became convinced that the good cause of action was not so stated it would have been unfair to the complainant not to permit her to amend, especially if the court thought that there was proof tending to supply the missing element."

The order appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.