MARTÍ, DEMANDANTE Y APELADO, *v.* THE AMERICAN RAILROAD COMPANY OF PORTO RICO, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre indemnización. Moción de nuevo juicio.

No. 2153.—Resuelto en julio 15, 1920.

NUEVO JUICIO—CRITERIO ERRÓNEO DE LA LEY.—Cuando es evidente que el juicio ha sido llevado a cabo bajo un criterio erróneo de la ley, es correcto el conceder un nuevo juicio.

ID. — DEMANDA ENMENDADA — ENMIENDAS PERMISIBLES. — Una enmienda a la demanda es permisible cuando no introduce una nueva, separada y distinta causa de acción. Una pauta para determinar si es permisible una enmienda, consiste en inquirir si constituye una nueva causa de controversia, o si se funda en el mismo contrato o daño. Y otras reglas son las de preguntar si el obtener sentencia bajo la demanda original impediría el obtenerla bajo la demanda enmendada; si la misma prueba serviría para fundamentar ambas demandas, y si la misma medida de daños es aplicable. Si esas preguntas pueden contestarse en la afirmativa, es permisible la enmienda.

ID.—ID.—DAÑOS Y PERJUICIOS—INCENDIO DE CAÑAS—FERROCARRILES.—La demanda original en este pleito alegaba que el incendio de las cañas de la demandante fué producido por chispas o partículas de carbón encendido lanzadas por una máquina del ferrocarril de la demandada. Se introdujo prueba en el juicio y se admitió, con la protesta de la demandada, tendente a demostrar que las chispas cayeron en unas yerbas secas que existían en la vía de la demandada, que incendiadas las yerbas se trasmitió el fuego a unas ca-

ñas y de esas cañas a las del demandante. La Corte de Distrito desestimó la demanda por existir una incongruencia fatal, a su juicio, entre lo alegado y probado. La demandante solicitó un nuevo juicio y presentó una demanda enmendada narrando los hechos tales como resultaron de las pruebas. *Se resolvió:* Que la corte no erró al conceder el nuevo juicio y al permitir la enmienda.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. F. G. P. Almiroty* y *G. H. Moscoso.*

Abogados del apelado: *Sres. J. Sabater* y *F. Otero.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

José Martí demandó a "The American Railroad Company, of Porto Rico" en reclamación de $613, suma a que ascendían los daños y perjuicios que había sufrido a consecuencia de la destrucción de ciertas cañas de azúcar de su propiedad por un incendio producido por chispas o partículas de carbón encendidas que salieron de una de las locomotoras de la demandada.

La corte de distrito desestimó finalmente la demanda por el fundamento que sigue:

"La corte considera probado que las cañas del demandante fueron quemadas; que sufrió los perjuicios que alega en la demanda y que el incendio ocurrió como consecuencia de chispas ·que cayeron de la caja de fuego de la máquina de la demandada en la vía, encendiendo yerbas secas en dicha vía y comunicándose por medio de éstas a un cañaveral contiguo al del demandante al que se comunicó dicho fuego quemándose las cañas del mismo. * * *

"El demandante alega en el hecho tercero de su demanda, como causa original del incendio que "la máquina 83 de la demandada que estaba tripulada y guiada por empleados de la demandada, descuidada y negligentemente lanzó ciertas chispas o partículas de carbón encendido que incendiaron unas cañas contiguas a las del demandante, comunicándose inmediatamente el incendio a éstas, las que fueron devoradas por las llamas. * * *

"Resulta pues una variante fatal entre las alegaciones y la prueba y por tanto es preciso declarar sin lugar la demanda.

33 Cyc. 1352, nota 96; 1356, párrafo C. y nota 23 de la página 1357. * * * "

El demandante entonces solicitó un nuevo juicio alegando para ello los siguientes fundamentos:

"(1) Error de derecho cometido por esta corte en el juicio de este caso, consistente en haber desestimado la objeción del abogado de la demandada a la declaración de los testigos del demandante con respecto al punto esencial de que dichos testigos declararon que el incendio empezó por unas yerbas secas que se encontraban negligentemente cerca de la vía de la compañía demandada, y cuyo hecho no había sido alegado en la demanda, produciendo como resultado que el demandante prosiguiera el juicio de este caso creyendo que las alegaciones de su demanda eran suficientes.

"(2) Accidente o sorpresa que la ordinaria prudencia no hubiere podido prevenir consistente en que el abogado de la demandada interpuso la excepción previa general de falta de causa de acción contra la demanda en este caso, pero desistió de la misma y no la discutió, no conociendo el demandante su fundamento, hasta el momento de celebrarse el juicio, en que alegó que las alegaciones de la demanda eran insuficientes para permitir que se practicara la prueba que había de tener el efecto de demostrar la negligencia de la demandada y que como consecuencia de tal negligencia ocurrió el incendio que causó el perjuicio que alega el demandante en su demanda, mientras que de acuerdo con la demanda, la negligencia se imputa a los empleados de la compañía demandada y habiendo la corte desestimado la objeción y oposición del abogado de la demandada, el demandante continuó el juicio del caso creyendo que las alegaciones de esa demanda eran suficientes para admitir la prueba que se practicó, cuando en realidad esta corte ha desestimado la demanda por insuficiencia de las alegaciones de la demanda, y no estar de acuerdo ésta con la prueba practicada para demostrar negligencia de la compañía demandada.

"La moción se apoyará en la declaración escrita y jurada del abogado del demandante, en los autos y legajos del pleito y en las minutas de la corte."

La parte demandada se opuso y discutida ampliamente la moción, la corte concedió la celebración del nuevo juicio y permitió que la demanda enmendada presentada quedara radicada en los autos "por el fundamento de que al desestimarse la moción de *non suit* hecha al terminarse el juicio por el abogado de la demandada, el abogado del demandante

creyó que las alegaciones de su demanda eran suficientes para admitir la prueba que practicó y por ello no solicitó conformar las alegaciones con la prueba practicada.''

No conforme la corporación demandada, interpuso el presente recurso de apelación alegando que la corte de distrito erró: *Primero,* al declarar con lugar la moción de nuevo juicio; y *segundo,* al admitir la demanda enmendada.''

1. Estudiando la jurisprudencia sobre la materia, hemos encontrado en 20 R. C. L. 227 el siguiente principio:

''Cuando es evidente que el juicio ha sido llevado a cabo bajo un criterio erróneo de la ley, es correcto el conceder un nuevo juicio.''

Para apoyar el principio se cita el caso de *Adams* v. *Clark,* 9 Cush. (Mass.) 215, 57, Am. Dec. 41. La opinión de la Corte Suprema de Massachussets emitida en dicho caso, comienza así:

''Como las excepciones expresan que el demandante, en el juicio, admitió (lo que no es la ley) que a menos que hubiera hecho una oferta de pago no podía entablar esta acción, parece haber perdido su caso debido principalmente a su propia falta o error; y hemos tenido algunas dudas sobre si tiene derecho a una reparación. Pero como las excepciones, aunque presentadas defectuosamente, muestran que el juicio se llevó a cabo bajo un criterio erróneo sobre la ley, hemos considerado que es nuestro deber anular el veredicto.''

Y esta misma Corte Suprema de Puerto Rico, en el caso de *Pedrogo et al.* v. *Sucesión Puertas,* 25 D. P. R. 143, dijo:

''Establecida una acción de filiación contra varias personas como componentes de una sucesión, según el título de la demanda, sin hacerse alegación alguna de por qué esas personas son los componentes de la sucesión; y excepcionada la demanda por no aducir hechos determinantes de una causa de acción, la corte que desestima esta alegación, claramente incurre en error que produce como resultado que el demandante vaya a juicio creyendo que las alegaciones de su demanda son suficientes y por tanto no es abuso de discreción el concederle un nuevo juicio.''

Aplicando la regla expuesta en los casos citados, debemos

concluir que la Corte de Distrito de Mayagüez no erró al
conceder el nuevo juicio solicitado por el demandante.

2. Sostiene la parte apelante que la corte de distrito erró
al admitir la enmienda porque ésta tendía a introducir una
nueva, distinta y separada causa de acción y no era, por
tanto, admisible.

La cuestión suscitada ha sido objeto de amplio estudio
por parte de los tribunales. Recomendamos la lectura de la
nota al caso de *Flanders* v. *Cobb,* reportado en el tomo 51
de los American States Reports, páginas 410 a 435. La regla
general se expone así:

"En casi todos los Estados la regla general es que no puede per-
mitirse enmienda alguna, ni durante el juicio ni antes de él, que
introduzca en el caso una nueva causa de acción substantiva, dis-
tinta de aquella sobre que se demanda, y distinta de aquella sobre
que la parte se propuso demandar al entablar su acción. Si esto
fuera permitido, alguien ha dicho, un solo pleito podría convertirse
en una 'ocupación vitalicia.' La expresión, por vía de enmienda,
de una causa de acción enteramente nueva, no es permisible, ni en
derecho común, ni en equidad, ni bajo los códigos." 51 Am. St.
Rep. 414.

Con respecto a cuál debe ser la actitud de una corte de
apelación, se dice en la nota lo que sigue:

"Se ha dicho a menudo que el permitir o denegar una enmienda
que cambia la causa de acción, descansa en la discreción de la corte
inferior, y que su decisión no puede ser revisada en apelación:
*Taylor* v. *Keler,* 51 Conn. 397; *Church* v. *Philips,* 157 Mass. 566;
*Newall* v. *Nussey,* 18 Me. 249; 36 Am. Dec. 717; *Watts* v. *Weston,*
62 Fed. Rep. 136; *Davis* v. *New York, etc., R. R. Co.,* 110 N. Y.
646; *Henry* v. *Cannon,* 86 N. C. 24; *Trumbo* v. *Finley,* 18 S. C. 305.
Esta es indudablemente una buena práctica cuando la orden es de-
negatoria, o cuando es aparente que la enmienda no establece una
buena causa de acción; pero cuando la enmienda realmente esta-
blece una nueva causa de acción, y de ello es de lo que se queja el
demandado, éste tiene un derecho indiscutible a excepcionarla por
haber sido permitida indebidamente y a que su excepción sea consi-
derada en apelación; *Newall* v. *Hussey,* 18 Me. 249; 34 Am. Dec.
717; *Annis* v. *Gilmore,* 47 Me. 152, 51 Am. St. Rep. 434.

Si se trata de una nueva, separada y distinta acción, como sostiene la apelante, claro es que de acuerdo con la anterior jurisprudencia deberemos revocar la resolución apelada. En la misma nota encontramos la norma a seguir para investigar y resolver si la enmienda en este caso tiene o no el alcance que le atribuye la apelante. Dice la nota:

"La verdadera pauta para determinar si es permisible una enmienda a una demanda consiste en inquirir si la enmienda propuesta es una nueva causa de controversia, o si se funda en el mismo contrato o daño; *Maxwell* v. *Harrison*, 8 Ga. 61; 52 Am. Dec. 385. Una buena prueba para determinar si una enmienda propuesta a una demanda establece una nueva causa de acción, consiste en preguntar si el obtener sentencia bajo la demanda original impediría el obtenerla bajo la demanda enmendada: *Davis* v. *New York, etc., R. R. Co.*, 110 N. Y. 646. También se ha resuelto que dos de las pruebas para determinar si una segunda demanda constituye una enmienda o si constituye la sustitución de una nueva causa de acción son las siguientes: 1. Que la misma prueba servirá para fundamentar ambas demandas; 2. Que la misma medida de daños será aplicable a ambas. Si estas dos pruebas fallan, la nueva alegación no es una enmienda." 51 Am. St. Rep. 416.

Conocemos ya el hecho tercero de la demanda tal como se consignó originalmente. Ese hecho se consigna en la demanda enmendada así:

"Que el día 23 de enero de 1918 como de doce a una del día, la máquina 83 de la demandada, que estaba tripulada y guiada por empleados de la demandada y que arrastraba un tren de carga, descuidada y negligentemente lanzó ciertas chispas de fuego y carbones encendidos que quemaron unas yerbas secas abandonadas negligentemente por la demandada, al lado de la vía del ferrocarril de la demandada, comunicándose inmediatamente el fuego de dichas yerbas a la plantación de cañas de Gustavo Ortiz y sin que fuera posible evitarlo prosiguió el fuego por las plantaciones contiguas a la del demandante hasta que se comunicó a ésta destruyéndola totalmente. * * * "

Quiere decir que la variación que se introdujo a virtud de la enmienda consistió en alegar que el fuego antes de

llegar a la plantación de cañas contigua a la del demandante y pasar a ésta, quemó unas yerbas secas abandonadas al lado de la vía del ferrocarril de la demandada.

Con esa variación la reclamación subsiste por el mismo daño o sea por la pérdida sufrida por el demandante a consecuencia del incendio; obtenida una sentencia en favor del demandante de acuerdo con la demanda primitiva, es claro que no hubiera podido establecerse otra reclamación distinta alegando separadamente los hechos constitutivos de la enmienda; la misma prueba en verdad, y prácticamente así se demostró, servía para fundamentar ambas demandas, y la misma medida de daños era aplicable, bien si el fuego se trasmitió en la forma expresada en la demanda primitiva, ya si se propagó en la manera indicada en la enmienda. El único extremo que podría ofrecer alguna duda, es el de si declarada sin lugar la demanda tal como fué originalmente presentada y terminado definitivamente el pleito, podría la parte demandante iniciar un pleito nuevo alegando los mismos hechos adicionados con los establecidos en la enmienda, sin que la parte demandada pudiera alegar en su favor la excepción de cosa juzgada. Pero si examinamos nuestra jurisprudencia, especialmente la establecida en el caso de *González* v. *Méndez* et al., 15 D. P. R. 701, nos inclinamos a creer que cabría la excepción de cosa juzgada. ''Cuando en una acción se pide,'' dijo esta corte en tal caso, ''la nulidad de una enajenación hecha por la madre, de los bienes de su hija menor por carecer de autorización judicial para ello y en otra acción se pide la misma nulidad por el fundamento distinto de que la madre carecía de la patria potestad sobre su hija, siendo el objeto de ambos pleitos el reclamar una herencia y anular la escritura de enajenación, existe la identidad de acción que dá vida a la excepción de cosa juzgada.'' Y dijo además: ''Existe la identidad de acciones exigida para la existencia de la excepción de cosa juzgada, aunque las razones o causas de nulidad de una enajenación alegadas en ambas acciones sean distintas cuando el objetivo de ambos pleitos

es el mismo: Sentencia del Tribunal Supremo de España de 14 de marzo de 1898.''

Siendo ello así, aunque la enmienda en verdad contenga como contiene una circunstancia más que enlazada con las otras expuestas en la alegación tal vez constituya la verdedera negligencia imputable a la demandada, no cabe concluir que exprese una nueva, distinta y separada causa de acción imposible de alegar y probar dentro del mismo pleito.

Estudiando en Cyc. la materia especial de ferrocarriles que ocupa más de mil páginas del tomo 33, en las notas relativas a la variación entre lo alegado y lo probado, encontramos algunas decisiones que creemos conveniente citar, a saber:

En la del caso de *Florida East Coast R. Co.* v. *Welch,* 53 Fla. 145; 44 So. 250, se resolvió que no existe incongruencia fatal entre una alegación de que el demandado propagó el fuego a la finca del demandante de una locomotora, fuego que se extendió por la finca del demandante dañando los árboles que allí había, y la prueba de que el fuego no fué ocasionado directamente por una locomotora en los terrenos del demandante sino que se originó negligentemente en una finca colindante y se extendió naturalmente a los terrenos del demandante.

En la del caso de *Brush* v. *Long Island R. Co.,* 10 N. Y. App. Div. 535, 42 N. Y. Suppl. 103 (confirmado en 158 N. Y. 742, 53 N. E. 1123), se decidió que aunque en una demanda en que se alega que el demandado atendió de modo tan negligente y descuidado al fuego de la caldera de una locomotora que dicho fuego se propagó a los terrenos del demandante no se hace referencia a la yerba cortada y hojas que se encontraban en la vía (*right of way*) como elemento de propagación del fuego, puede obtenerse indemnización por un fuego que pasó de la locomotora a dicha yerba y hojas y de éstas a los terrenos del demandante.

La prueba de que la propiedad del demandante fué destruída por un fuego que se originó en una finca colindante,

de las chispas que salían de la locomotora del demandado,
cuyo fuego se propagó a la finca del demandante, no es una
incongruencia esencial siendo la alegación que la destrucción
de la propiedad del demandante se debió al fuego que cogió
su finca por las chispas de la locomotora de la demandada.
*Butcher* v. *Baker, Valley, etc., R. Co.,* (Cal. 1885) ; 5 Pac. 359;
67 Cal. 518, 8 Pac. 174.  Pero véase el caso de *Toledo, etc.,
R. Co.* v. *Morgan,* 72 Hill. 155.

Por virtud de todo lo expuesto y en atención, además, a
las circunstancias peculiares de este caso que muestran que
el demandante desde el primer momento presentó evidencia
tendente a probar que el incendio se propagó en la forma
expresada en la enmienda y que dicho demandante creyó
que la alegación general hecha en su demanda primitiva le
permitía proceder de tal modo, criterio que sustentó también
la corte de distrito, tramitándose el juicio bajo esa teoría
y atendido, por último, el espíritu liberal que informa nues-
tro Código de Enjuiciamiento Civil en materia de enmiendas,
creemos que no debe revocarse la acción tomada, claramente
en bien de la justicia, por la corte de distrito.

Por último deseamos consignar que las conclusiones a
que hemos llegado encuentran apoyo en nuestra propia ju-
risprudencia.  Una cuestión parecida a la envuelta en este
caso fué resuelta en el de *Mongil* v. *Castro, Juez de Distrito,*
19 D. P. R. 682.  Allí esta corte, por medio de su Juez Aso-
ciado Sr. Wolf, después de estudiar los hechos y analizar y
aplicar la jurisprudencia, dijo:

"No vemos que en manera alguna resultara perjudicada en rea-
lidad la demandada por la resolución de la corte.  La demandada
formuló una excepción previa y la corte primeramente la desestimó,
induciendo así a la demandante a creer que tenía una buena causa
de acción.  Por tanto, cuando la corte se convenció de que una buena
causa de acción no había sido alegada, hubiera sido injusto que no se
permitiera a la demandante enmendar su demanda, especialmente
si la corte creyó que existía prueba tendente a suplir el elemento
que faltaba."

Debe confirmarse la resolución recurrida.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.