Opinion by
Willson, J.
§ 648. Value; admissible evidence of; case stated. Appellee owned a farm situated adjacent to appellant’s line of railway. About one hundred and twenty-five yards from the railway track he had a rick of hay. Between his hay and the track the ground was covered with dry grass. On appellant’s right of way were dry grass and weeds. Fire from appellant’s engine ignited the grass and weeds on the right of way, communicated to the grass upon appellee’s land, and from thence to his rick of hay, which it consumed. Appellee sued for the value of the hay, and recovered judgment therefor.
It was not error to admit evidence of a single sale of hay in the neighborhood of appellee’s hay; nor the opinions of witnesses; nor the general understanding of the community as to the value of hay. There was no market for the article at that place, and in such case this .character of evidence is admissible to assist the judge or jury in arriving at a correct estimate of the intrinsic value of the article. [W. & W. Con. Rep. §§ 147, 813, 1302; Abbott’s Tr. Ev. 307; 2 Sutherland on Dam. 375.]
§ 649. Fire communicated by railroad; negligence to leave combustibles on right of way. It is negligence in a railroad company to leave combustibles on its track when they are peculiarly liable to take fire by falling sparks or coals. [Cooley on Tor,ts, 592; 1 Thomp. on Neg. pp. 162, 163; W. & W. Con. Rep. § 654; R. R. Co. v. Chase, 11 Kan. 47; R. R. Co. v. Westover, 4 Neb. 268.]
§ 650. Contributory negligence; to leave dry grass, etc., on one’s own land, is not. It is not contributory negli *569 gence in a land-owner whose land is adjacent to a railroad to leave combustibles on his land near the road; the obligation of care to prevent fires resting not upon him, but upon the company. [See authorities cited in last section.]
April 18, 1885.
Affirmed.