Núm. 7487.—Díaz, aplte. *v.* Sucn. Cintrón, etc., apldos.—C.D. Ponce. Cobro de Dinero. Febrero 9, 1939.

(Por la Corte, a propuesta del Juez Asociado Sr. Hutchison.)

Por CUANTO, el demandante apela de una sentencia registrada en su contra en 12 de enero de 1937 y de una resolución de marzo 16, 1935, por la cual se eliminó una demanda enmendada admitida y radicada en la Corte Municipal de Yauco, y de una resolución de marzo 30, 1936, por la cual se denegó permiso para radicar una demanda enmendada;

Por CUANTO, los únicos supuestos errores señalados son:

"*Primero:* Erró la Corte de Distrito de Ponce al no aplicar el artículo 139 del Código de Enjuiciamiento Civil vigente al negar la existencia de nuestra demanda enmendada, revocando la resolución de la Corte Municipal de Yauco, permitiendo y admitiendo nuestra demanda enmendada por las razones allí consignadas por el juez municipal; y su decisión de eliminar como eliminó dicha demanda enmendada.

"*Segundo:* Que la corte de distrito erró al no usar su sana discreción con arreglo al artículo 140 de dicho Código de Enjuiciamiento Civil.

"*Tercero:* Erró asimismo la Corte de Distrito de Ponce al negarse a aplicar el artículo 69 del Código de Enjuiciamiento Civil en relación con el artículo 43 del mismo código (ed. de 1933) al negarnos y eliminarnos nuestra demanda enmendada por el fallecimiento de la demandada Dominga Torres, revocando la orden de la Corte Municipal de Yauco de marzo 10 de 1934 y confirmada por su resolución, ambas anteriormente transcritas aquí."

Por CUANTO, el juez de distrito en su resolución de 16 de marzo de 1935, dijo:

"La demanda original presentada por el demandante alegaba una causa de acción en cobro de dinero contra los demandados, porque éstos tomaron al fiado, en cuenta corriente, en el establecimiento comercial del demandante, provisiones y otros efectos, cuya cuenta fué liquidada en enero de 1932 de conformidad con los demandados, quienes se comprometieron a pagarla en marzo de 1932. Después de contestada esta demanda por los demandados y sin pedir

permiso de la corte, el demandante radicó una demanda enmendada en que alegó que sostuvo una cuenta corriente con Valentín Cintrón Ginet, causante de los demandados, a quien vendió provisiones y dió otros efectos para la refacción y cultivo de sus fincas, y que liquidada dicha cuenta en enero de 1932, en vida de dicho Cintrón, éste se comprometió a pagarla en marzo del mismo año, lo que no hizo, y como consecuencia del fallecimiento de Cintrón se reclama de los demandados, su sucesión, el pago de la cuenta que, según se alega en la demanda enmendada, se comprometieron a pagar en el término de dos años con garantía hipotecaria, lo que se han negado a hacer.

"De una simple exposición de los hechos alegados en la demanda original y en la enmendada, se desprende que se alegan dos causas de acción distintas. En la primera demanda se alegó un contrato directo efectuado por los demandados con el demandante, a cuya obligación se le dió una fecha de vencimiento, marzo de 1932. En la demanda enmendada se alegó un contrato distinto, celebrado entre el causante de los demandados y el demandante, y la obligación subsidiaria contraída por éstos, después de la muerte de su causante, de pagar en agosto de 1934, dos años después del fallecimiento del Sr. Cintrón.

"Que una demanda enmendada que varía la causa de acción de la original, no debe admitirse, es una regla elemental en materia de alegaciones. Véase 1 Bancroft's Code Pleadings 735; 49 C. J. 507; 21 R.C.L. 580; y las reglas que se citan con aprobación en el caso de Martí v. American R. R. Co., 28 D.P.R. 741.

"Además, habiéndose radicado la contestación a la demanda original, no procedería radicar una demanda enmendada sin permiso de la corte."

POR CUANTO, lo que hizo el juez de distrito en su resolución del 16 de marzo de 1935, fué declarar con lugar una moción reproducida en apelación ante la corte de distrito por los demandados, por los motivos expresados en los primeros tres párrafos del extracto supra, y si tenía razón en cuanto a las dos causas de acción distintas, no erró "al no aplicar el artículo 139 del Código de Enjuiciamiento Civil vigente."

POR CUANTO, los supuestos errores segundo y tercero no se discuten separada ni adecuadamente en el alegato del apelante, ni a nuestro juicio existen.

POR TANTO, se confirman las dos resoluciones y la sentencia apeladas.

El Juez Presidente Sr. Del Toro no intervino.